Josephine LOTRIONTE, as Administratrix of the estate of Vito Lotrionte and Josephine Lotrionte, individually, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 82 Civ. 2455 (MP).

United States District Court, S.D. New York.

April 6, 1983.

Toberoff & Broome by Alvin Broome, New York City, for plaintiff.

John S. Martin, Jr., U.S. Atty., S.D.N.Y. by Denny Chin, Jane E. Booth, Asst. U.S. Attys., New York City, for defendant.

## OPINION

MILTON POLLACK, District Judge.

■ Vito Lotrionte died on April 11, 1978, from a heart attack while under treatment at the Veterans Administration hospital in the Bronx, New York. His widow sues individually and as administratrix of his estate and asserts claims of negligence, failure to obtain informed consent and loss of consortium against defendant. Defendant moves to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

The basis for defendant's motion is plaintiff's alleged failure to comply with the jurisdictional prerequisite stated in 28 U.S.C. § 2401(b) which requires that a plaintiff must present a written claim to the appropriate Federal agency within two years after such claim accrues or plaintiff will be forever barred from raising a tort

claim against the United States. It appearing to the Court that a factual dispute existed concerning the date on which plaintiff presented her claim pursuant to 28 U.S.C. § 2401(b), a full evidentiary hearing was held on February 14, 1983.

Based on the exhibits, the testimony of witnesses, including an assessment of the credibility of that testimony, the Court finds that plaintiff failed to comply with the two year requirement embodied in 28 U.S.C. § 2401(b). Plaintiff's claim is therefore dismissed in all respects.

■ In a federal tort claim arising out of an allegedly wrongful death, the cause of action accrues at death. In the absence of an allegation that the defendant covered up evidence that would prove the physical cause of death, the running of the two year statute of limitations is not tolled until plaintiff discovers that she has a legal cause of action. *See United States v. Kubrick*, 444 U.S. 111, 117–18, 100 S.Ct. 352, 356–357, 62 L.Ed.2d 259 (1979). Thus, in the present case, plaintiff had until Friday, April 11, 1980 to comply with 28 U.S.C. § 2401(b). Plaintiff claims to have complied by virtue of two letters she claims to have sent to the Public Health Service, one to New York and one to Rockville, Maryland. Neither letter was presented to the appropriate agency before April 11, 1980.

### The New York Letter.

Plaintiff introduces a copy of a cover letter, prepared by her attorneys, dated April 9, 1980, which purports to prove that a copy of a Claim for Damage was sent to Miss Winifred Mash, Assistant Regional Attorney, U.S. Public Health Service, 26 Federal Plaza—Room 3914, New York, New York. Ms. Sylvia Johnson, a paralegal employed in the Office of the General Counsel at 26 Federal Plaza testified that she searched every file that might contain a reference to a tort claim filed by plaintiff, but she found no evidence that the letter or any such claim was received on or before April 11, 1980, or at any time thereafter. She further testified that had a tort claim directed against the Veterans Administration been received by the Public Health Service in New York, the claim would have been questioned because the Public Health Service does not handle claims against the Veterans Administration. Moreover, had the claim been received and transmitted to another agency, a copy of the letter of transmittal would have been retained. No transmittal letter was found in a search of the Public Health Service files in New York.

■ There is no credible evidence that the "New York" letter was received on or before April 11, 1980, or at any time at all. Whatever presumption normally exists concerning the receipt of properly addressed, stamped and mailed correspondence, it is absent in this case. The letter was not properly addressed since Winifred Mash had retired over eighteen months prior to the date that the letter was allegedly mailed. Moreover, since 28 U.S.C. § 2401(b) is jurisdictional, proof of actual, timely receipt is required, not just proof of mailing.

### The Rockville, Maryland Letter.

Plaintiff introduces a cover letter addressed to Mr. Louis Cohen, Claims Officer, Public Health Service—Rm. 1818, Park Lawn Building, 5600 Fishers Lane, Rockville, Maryland 20852, dated April 9, 1980. Two copies of plaintiff's Claim for Damage were attached to the cover letter. Defendant claims that the "Rockville, Maryland" letter was received on April 14, 1980, after the two year period had expired. In support of this contention, defendant points to the PHS CLAIMS OFFICE date of receipt stamp on the back of one of the Claim for Damages forms which was dated April 14, 1980. Arthur Simon, Director of the Division of PHS Claims, Public Health Service, Rockville, Maryland, testified that the imprint found on the back of plaintiff's Claim for Damage form, dated "RECEIVED," "April 14, 1980", was made by the rubber stamp employed for that purpose by the Public Health Service at that time. He further stated that it was the regular course of business for his office to affix such a stamp on the date the correspondence was received.

Plaintiff's "Rockville, Maryland" letter was improperly addressed, as well. Louis Cohen's association with the Public Health Service ended with his death in November 1976, over three years prior to the date of plaintiff's claim. There is no credible evidence that the "Rockville, Maryland" letter was received on or before April 11, 1980; it does not satisfy 28 U.S.C. § 2401(b).

*The Appropriate Agency.*

 Even had the New York or Rockville, Maryland Public Health Service received plaintiff's Claim for Damage on April 11, 1980, plaintiff's claim would still be time barred. 28 U.S.C. § 2401(b) requires that a plaintiff present a written claim to the *appropriate* Federal agency. In this case, the appropriate Federal agency is the Veterans Administration. The Public Health Service has nothing to do with claims against the Veterans Administration. In fact, the Public Health Service in Rockville, Maryland transmitted plaintiff's claim to the Veterans Administration on April 18, 1980, four days after its receipt.

Current regulations provide that a claim purporting to satisfy 28 U.S.C. § 2401(b) that is transferred from an improper agency to the proper agency is deemed presented as of the date it is received by the appropriate agency. 28 C.F.R. § 14.2(b)(1) (1982). In April 1980, Federal regulations were silent as to the date that a transferred claim is deemed presented.

While 28 C.F.R. § 14.2(b)(1) cannot be applied retroactively, it would be error to deem a claim presented, for the purposes of 28 U.S.C. § 2401(b), on the day it is received by the improper agency. Such a reading makes the use of the term "appropriate" in the statute, superfluous. The Court must imply at least a minimal period for transfer of the claim to the appropriate agency. In the present case, since the alleged presentation to the improper agency, was at the very end of the two year period of limitation, allowing time for transfer to the appropriate agency necessarily defeats plaintiff's claim as time barred.

*Conclusion.*

Plaintiff consulted her attorneys about her husband's death in February 1980, two months before the expiration of the two year period of limitations. For reasons unknown to the Court, plaintiff and her attorneys did not attempt to initiate the process of filing a claim until April 9, 1980. Their efforts consisted of filing claims with the wrong agency addressed to individuals no longer associated with that agency. The result is that plaintiff has failed to satisfy the jurisdictional requirements of 28 U.S.C. § 2401(b). The Court does not have subject matter jurisdiction to hear plaintiff's claim on its merits. Defendant's motion to dismiss and for summary judgment is granted and the case is dismissed, with costs. The foregoing constitute the findings and conclusions required by Rule 52(a), Fed.R. Civ.P.

SO ORDERED.