**Rosetta J. GREENE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 88–2318.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 12, 1989.

Decided April 5, 1989.

Marc S. Wallis, St. Louis, Mo., for appellant.

Eric T. Tolen, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before WOLLMAN and BEAM, Circuit Judges, and BRIGHT, Senior Circuit Judge.

WOLLMAN, Circuit Judge.

Rosetta J. Greene appeals from the district court's dismissal of her Federal Tort Claims Act (FTCA) cause of action. We reverse and remand.

On April 10, 1985, Greene fell down the stairs of a building owned, managed, maintained, and controlled by the United States government. Greene has alleged that the government was negligent and careless in maintaining the stairway of the building and that as a result she suffered serious and permanent injuries.

On January 27, 1987, Greene mailed a "claim for damage, injury, or death" to the General Services Administration (GSA) at its regional office in Kansas City, Missouri. On February 2, 1987, the GSA acknowledged receipt of Greene's claim, and on May 8, 1987, the GSA denied her claim.

Greene then initiated an FTCA action in district court, pursuant to 28 U.S.C. §§ 1346(b), 2671–2680. In its answer, dated December 21, 1987, the government alleged for the first time that Greene had filed her claim with an inappropriate agency. The building at which Greene fell was under the jurisdiction of the Department of Labor, not the GSA. The government moved to dismiss Greene's action because of her failure to file a timely claim with the appropriate federal agency, a jurisdictional prerequisite to adjudication of an FTCA claim. *See* 28 U.S.C. § 2675(a).

In response, Greene contended that her claim was constructively filed because the

government had failed to comply with the tort claims transfer regulation set forth at 28 C.F.R. § 14.2(b)(1), which provides:

> A claim shall be presented to the Federal agency whose activities gave rise to the claim. When a claim is presented to any other Federal agency, that agency shall transfer it forthwith to the appropriate agency, if the proper agency can be identified from the claim, and advise the claimant of the transfer. If transfer is not feasible the claim shall be returned to the claimant. The fact of transfer shall not, in itself, preclude further transfer, return of the claim to the claimant or other appropriate disposition of the claim. A claim shall be presented as required by 28 U.S.C. 2401(b) as of the date it is received by the appropriate agency.

The district court rejected Greene's contention, relying on *Bukala v. United States*, 676 F.Supp. 162 (N.D.Ill.1987), *vacated*, 854 F.2d 201 (7th Cir.1988).[1] The *Bukala* court held that "a federal regulation cannot narrow or expand the jurisdiction that Congress expressly granted to the federal courts in a statute. * * * We cannot create an exception [to the filing requirement] from the transfer regulation that the filing statute neither allows nor suggests." *Bukala*, 676 F.Supp. at 164, *quoted in Greene v. United States*, No. 871981C(3), slip op. at 26–27 (E.D.Mo.1988).

Subsequent to the district court's decision in the present case, the Court of Appeals for the Seventh Circuit vacated the district court's opinion in *Bukala*, holding that

> the transfer regulation is not inconsistent with its authorizing legislation; rather, 28 C.F.R. § 14.2(b)(1) is thoroughly *consistent* with the intent of Congress as expressed in its 1966 amendments to the FTCA. When Congress added the present mandatory administrative claims procedure to the FTCA, it did so specifically to provide for "more fair and equitable treatment of private individuals

and claimants when they deal with the Government or are involved in litigation with their Government." S.Rep. No. 1327, 89th Cong., 2d Sess. 2, *reprinted in* 1966 U.S.Code Cong. & Admin.News 2515–16. Interpreting the transfer regulation to allow for constructive filing (*i.e.*, a relation back) of claims presented within the limitations period of § 2401(b) but delivered to the wrong agency and neither transferred to the proper agency nor returned to the claimant, is both logical as well as fair and equitable.

*Bukala v. United States*, 854 F.2d 201, 203 (7th Cir.1988).

We agree with the Seventh Circuit's reasoning in *Bukala*. When a federal agency fails to comply with section 14.2(b)(1), a claim that is timely filed with an incorrect agency shall be deemed timely presented to the appropriate agency. Because Greene's claim was timely filed, albeit with the wrong agency, and because GSA failed to transfer or return the claim, her claim satisfies the FTCA administrative claim procedure.

We reverse the summary judgment and remand the case to the district court for further proceedings.

---

1. The district court also relied on *Lotrionte v. United States*, 560 F.Supp. 41 (S.D.N.Y.), *aff'd*, 742 F.2d 1436 (2d Cir.1983). Greene's case, however, is distinguishable from *Lotrionte*, in which the FTCA claim was barred because it was mailed only two days before the two-year

period of limitation ran, not allowing time for transfer. *Id.* at 43.