**Russell L. JOHNSON, Jr. and Linda K. Johnson, his wife, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 5:95–0267.

United States District Court,
S.D. West Virginia,
Beckley.

Dec. 11, 1995.

Larry E. Losch, Summersville, WV, for plaintiffs.

Stephen M. Horn, Asst. U.S. Atty., Rebecca A. Betts, U.S. Att'y, Charleston, WV, for defendant.

## ORDER

HALLANAN, District Judge.

This matter is before the Court via Plaintiffs' Objections to the Recommendation of Dismissal by the Honorable Mary Stanley Feinberg, United States Magistrate Judge (Plaintiffs' Objections). Pending before the Court is the United States' (Defendant's) Motion to Dismiss for Lack of Subject Matter Jurisdiction and/or for Summary Judgment (Motion to Dismiss).

By general Order entered November 12, 1992 and filed herein on April 28, 1995, this case was referred to the Honorable Mary S. Feinberg, United States Magistrate Judge, who was designated to hear dispositive motions under Rule 12 of the Federal Rules of Civil Procedure and to submit to this Court her proposed findings of fact and recommendations for disposition (F & R) pursuant to 28 U.S.C. § 636(b)(1)(A).

The Magistrate Judge recommends that Defendant's Motion to Dismiss be granted. Timely filed were Plaintiffs' Objections. Thus, this Court must now conduct a *de novo* review of those portions of the F & R to which objections were made. For the reasons discussed below, the Court accepts the recommendation of the Magistrate Judge that Defendant's Motion to Dismiss be **GRANTED**.

### I. Specific Objections

As a preliminary matter, the Court must remind Plaintiffs that, pursuant to 28 U.S.C. § 636(b)(1) and as explicitly set forth in the Magistrate Judge's F & R, in Plaintiffs' Objections Plaintiffs were to set forth *specific* objections, "*identifying those portions of the Findings and Recommendation to which objection is made, and the basis of such objection.*" (F & R, p. 15 (emphasis added).) Simply objecting to the conclusion of the Magistrate Judge that Defendant's Motion to Dismiss should be granted is not a specific objection, and this is what Plaintiffs appear to do, never identifying any portion of the F & R to which Plaintiffs specifically object.

Nevertheless, the Court has gleaned from the whole of Plaintiffs' Objections that it appears Plaintiffs take issue with only one aspect of the F & R—namely, the Magistrate Judge's finding that service of Plaintiffs' administrative claim upon the United States Attorney's office was insufficient to satisfy the requirement of 28 U.S.C. § 2401(b) that the administrative claim be presented to the appropriate federal agency. Therefore, the Court will conduct a *de novo* review of that portion of the F & R which appears on page 13.

### II. Applicable Law

28 U.S.C. § 2401(b) states:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues....

28 U.S.C. § 2675(a) states:

An action shall not be instituted upon a claim against the United States ... unless the claimant shall have first presented the claim to the appropriate Federal agency ... The failure of an agency to make final disposition of a claim within six months after it is filed shall ... be deemed a final denial of the claim for purposes of this section....

28 C.F.R. § 14.2 states:

(a) For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to be presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for an injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident....

(b)(1) A claim shall be presented to the Federal agency whose activities gave rise to the claim. When a claim is presented to any other Federal agency, that agency shall transfer it forthwith to the appropriate agency, if the proper agency can be identified from the claim, and advise the claimant of the transfer ... A claim shall be presented as required by 28 U.S.C.

2401(b) as of the date it is received by the appropriate agency.

### III. Facts

Plaintiffs' alleged injury occurred on August 25, 1992. (Complaint, ¶ 6.) The United States Attorney's Office received Plaintiffs' administrative tort claim, dated August 23, 1994, on August 25, 1994. (Motion to Dismiss, ¶ 1 and Exhibit A to Motion to Dismiss.) By cover letter dated August 26, 1994, the claim was forwarded by the United States Attorney's Office to the United States Department of Agriculture (USDA). (Exhibit B to Motion to Dismiss.) The same was received by the USDA on August 31, 1994. (Exhibit C to Motion to Dismiss.)

 Plaintiffs' administrative tort claim named the USDA, doing business as the Farmers Home Administration in Lewisburg, West Virginia as the federal agency to whom their claim was directed. (Exhibit A to Motion to Dismiss.) Thus, for purposes of making a claim within the two year statute of limitations pursuant to 28 U.S.C. § 2401(b), the USDA was the "appropriate federal agency" to which to present an administrative tort claim, not the Department of Justice. The USDA did not receive, and thus was not presented with, Plaintiffs' administrative tort claim until six days after the two year statute of limitations for presenting such a claim had expired.

### IV. Service on the United States Attorney Does Not Satisfy 28 U.S.C. § 2401(b)

Plaintiffs argue that presenting their claim to the United States Attorney's Office was service upon the appropriate federal agency. "[A] duly written and signed Standard Form 95, as required by 28 C.F.R. Article 14.2, was served upon the United States Attorney for the Southern District of West Virginia, congressionally enacted and court approved agent for receiving service of process within the two-year time limit." (Plaintiffs' Objections, p. 1.) Plaintiffs seem to suggest, alternatively, that if the United States Attorney's Office was not the "appropriate Federal agency" under 28 U.S.C. § 2401(b), the United States Attorney was under a duty to forward the claim to the USDA by means of electronic mail. (Plaintiffs' Objections, p. 2.) Plaintiffs also argue that in making a reasonable attempt to comply with the presentment requirement of 28 U.S.C. § 2675(a) before bringing their claim in this Court, the United States is estopped from now raising a defect in presentment. For this argument Plaintiffs cite to the case of *GAF Corporation v. U.S.*, 818 F.2d 901 (D.C.Cir.1987).

The Court will first address Plaintiffs' latter argument. Plaintiffs appear to be confusing two issues, that of the presentment requirements of 28 U.S.C. § 2675(a), which require a six month waiting period after an administrative claim is presented to the appropriate federal agency before an action against the United States can be brought in district court, with the jurisdictional requirements of 28 U.S.C. § 2401 which require that a claim be presented to the appropriate federal agency within two years of the action giving rise to the claim.

*GAF Corporation v. U.S.* addressed a situation in which the United States raised a defect in presentment of an administrative claim after the six month period for presentment had expired. Such a defect in presentment would ordinarily leave a district court without jurisdiction to hear a claim because the six month presentment requirement had not been followed. *GAF Corporation v. U.S.* held that the United States' failure to object to a defect in presentment within six months deprived the plaintiff of an opportunity to cure the defect in presentment and, therefore, the United States' failure to raise the defect "qualifie[d] the force of the Government's objections when it subsequently moved for dismissal on the ground that the presentment was inadequate for investigative purposes." *Id.* at 915–16.

Thus, *GAF Corporation v. U.S.* does not hold that a failure to raise the objection of a defect in presentment bars the use of that objection, it only "qualifies" the use of that objection. "We decline, however, to hold that in no circumstances could the Government's failure to make timely objection to the adequacy of a claimant's presentment constitute a *de jure* denial of that presentment

establishing jurisdiction under the Act." *Id.* at 915. Furthermore, and more significantly, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and/or Summary Judgment is based not upon a defect in presentment *per se* as it is upon the jurisdictional defect of failure to comply with the applicable statute of limitations. It is not of consequence that the reason Plaintiffs failed to meet the statute of limitations was because of a defect in presentment to the appropriate federal agency. That defect was fatal very soon after the time it was made and notice of this defect within the six months that Plaintiffs' claim was pending before the USDA would not have cured it. Therefore, the Court finds that *GAF Corporation v. U.S.* is not on point and Plaintiffs' argument that some kind of additional or earlier notice that their claim was untimely would have cured the jurisdictional defect in their claim is without merit.

▇▇▇ As to their remaining arguments, Plaintiffs appear to confuse service of a complaint with service of an administrative claim under 28 U.S.C. § 2401(b). While the United States Attorney is the duly authorized agent for service of process of a *summons and complaint* under Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure, the United States Attorney is not the duly authorized agent for service of an administrative claim under 28 U.S.C. § 2401(b). The Federal Rules of Civil Procedure only govern civil actions in district court, not administrative tort claims. Fed.R.Civ.P. 1. The regulations concerning presentation of an administration claim are explicit that a *"claim shall be presented* as required by 28 U.S.C. 2401(b) as of the *date it is received by the appropriate federal agency."* 28 C.F.R. § 14.2(b)(1) (emphasis added). The "appropriate federal agency" is the agency "whose activities gave rise to the claim." *Id.*

What happened in this case is simply that Plaintiffs presented their administrative claim to the wrong federal agency, the United States Department of Justice, which promptly forwarded the same to the appropriate federal agency, the USDA. Unfortunately for Plaintiffs, their error in presenting their claim to the wrong federal agency on the last possible day before the two year statute of limitations expired has the drastic consequence that this Court is without subject matter jurisdiction to hear their claim. Despite Plaintiffs' arguments to the contrary, the Court finds that sending the claim by mail to the USDA the very next day after it was received was a prompt response, complying with the requirement that the "agency [which received the claim] shall transfer it forthwith to the appropriate agency." 28 C.F.R. § 14.2. Therefore, from the plain meaning of the statute and regulations cited above, the Court must conclude that the presentation of Plaintiffs' administrative claim was not timely.

## V. Conclusion

For the aforementioned reasons, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and/or for Summary Judgment is hereby **GRANTED.** All matters herein being concluded, the Clerk is hereby directed to remove this action from the Court's docket.

The Clerk is further directed to mail a copy of this Order to all counsel of record.

IT IS SO ORDERED.

### FINDINGS AND RECOMMENDATION

. FEINBERG, United States Magistrate Judge.

Pending before the court is the United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction and/or for Summary Judgment filed June 2, 1995, Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and/or for Summary Judgment filed June 14, 1995, and the United States' Reply to Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and/or for Summary Judgment filed June 16, 1995. By Order entered April 28, 1995, the District Court referred dispositive motions under Rule 12 of the Federal Rules of Civil Procedure to this United States Magistrate Judge for submission of findings and recommendation.

Plaintiffs filed an original claim for damages under the Federal Tort Claims Act (FTCA) on January 31, 1995 (Civil Action Number 5:95–0073). This matter was dismissed without prejudice upon the motion of the United States for lack of subject matter jurisdiction. The District Court accepted this Magistrate Judge's recommendation that pursuant to 28 U.S.C. § 2675(a), plaintiffs had not waited a full six-months from the time they presented their claim to the federal agency before filing suit in federal court. Subsequently, the six-months period expired and plaintiffs refiled the instant action on April 10, 1995.

The government contends in its motion to dismiss, that this court lacks subject matter jurisdiction because pursuant to 28 U.S.C. § 2401(b), "plaintiffs' administrative tort claim was not presented to the appropriate federal agency and was not timely filed, thereby depriving the Court of subject matter jurisdiction." (Memorandum in Support of United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction and/or for Summary Judgment at 3, hereinafter "U.S. Memo. at ——.")

Specifically, the government maintains that plaintiffs' administrative tort claim named the United States Department of Agriculture (USDA), doing business as the Farmers Home Administration in Lewisburg, West Virginia, as the appropriate federal agency. (U.S. Memo. at 3, U.S. Exhibit A.) Thus, the government contends that pursuant to 28 U.S.C. § 2401(b) and 28 C.F.R. § 14.2 (1995), plaintiffs must have presented their claim to the USDA before the expiration of the two-year statute of limitations on August 25, 1994. (U.S. Memo. at 3–4.) The government maintains that plaintiffs' erroneous submission of their claim to the United States Attorney's office on August 25, 1994 was insufficient to satisfy the requirements of § 2401(b). In addition, the government contends that while the United States Attorney's office forwarded the claim to the USDA by cover letter dated August 26, 1994, it was not received by that office until August 31, 1994, outside the two-year time limit of § 2401(b). (U.S. Memo. at 4, U.S. Exhibits A, B, C.) As a result, the government argues that pursu-

ant to 28 U.S.C. § 2401(b), plaintiffs' claim is time barred.

The crux of plaintiffs' argument is that pursuant to Rule 4 of the Federal Rules of Civil Procedure, service of the civil complaint upon the United States Attorney's office on August 25, 1994 was proper and resulted in notice to the United States. (Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and/or for Summary Judgment at 2, hereinafter "Pls.' Memo. at ——.") Apparently, plaintiffs believe that service upon the United States Attorney satisfied the requirement of 28 U.S.C. § 2401(b) that the claim be presented to the appropriate federal agency within two years after the claim accrued. Plaintiffs assert that

the rules do not contemplate that the certified mail to the officer of the agency being sued under the Federal Tort Claims Act be served, sent and received within the statutory period. It is sufficient that the United States Attorney or the Attorney General be served, and that is the tolling mechanism.

(Pls.' Memo. at 4.)

In the alternative, plaintiffs argue that Rules 4(i)(3) and 6(b) of the Federal Rules of Civil Procedure allow service of the complaint outside the required time period "for cause shown . . . where the failure to act was the result of excusable neglect." (Pls.' Memo. at 3.) By order dated June 16, 1995, the District Court granted plaintiffs' unopposed "Motion for Leave to Serve Proper Officer Certified Mail and for Leave of the Court to Expand Time in Which That May Be Done." (Document 9.)

In addition, plaintiffs assert that

[i]n view of vagueness and potentially misleading nature of the application of regulations implementing the Federal Tort Claims Act, it would be assumed that the government's earlier failure to object to the claim made by Russell Johnson would be a waiver inasmuch as plaintiff had made a good faith attempt to effect notice.

(Pls.' Memo. at 2.) Finally, plaintiffs assert that the "[s]tatute of limitations is not juris-

dictional. It must be affirmatively pleaded. [citations omitted]" (Pls.' Memo. at 3.)

After a careful analysis of the statute, regulations and relevant caselaw, the court concludes that plaintiffs' claim must be dismissed for lack of subject matter jurisdiction because plaintiffs failed to present their claim to the appropriate federal agency within the two-year statute of limitations provided by 28 U.S.C. § 2401(b).

When, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party challenges the jurisdictional allegations of a complaint as not true, the party asserting subject matter jurisdiction has the burden of alleging and proving such jurisdiction. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982). In assessing the plaintiffs' jurisdictional allegations in the context of a Rule 12(b)(1) motion, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir.1991), *cert. denied*, 503 U.S. 984, 112 S.Ct. 1667, 118 L.Ed.2d 388 (1992) (citing *Adams*, 697 F.2d at 1219; *Trentacosta v. Frontier Pac. Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir.1987)).

> The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. *Trentacosta, supra*, 813 F.2d at 1559 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.

*Richmond*, 945 F.2d at 768.

The FTCA is a limited waiver of sovereign immunity and permits suit only on terms and conditions strictly prescribed by Congress. 28 U.S.C. §§ 2671–2680; *Honda v. Clark*, 386 U.S. 484, 501, 87 S.Ct. 1188, 1197, 18 L.Ed.2d 244 (1967). In particular, the FTCA specifically directs that

> [a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues....

28 U.S.C. § 2401(b). This requirement is jurisdictional. *Muth v. United States*, 1 F.3d 246, 249 (4th Cir.1993); *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir.1994).

Contrary to the plaintiffs' assertion that the regulations are vague and potentially misleading in nature (Pls.' Memo. at 2), the regulations provide explicit guidelines as to when an administrative claim is presented within the meaning of 28 U.S.C. § 2401(b):

> Administrative claim; when presented.
>
> (a) For purposes of the provisions of 28 U.S.C. 2401(b) ... a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, ... written notification of an incident, accompanied by a claim for money damages in a sum certain....

28 C.F.R. § 14.2(a) (1995). Moreover, the regulations provide guidelines for determining the appropriate federal agency and the procedure to be followed when the claim is presented to the wrong federal agency:

> (b)(1) A claim shall be presented to the Federal agency whose activities gave rise to the claim. When a claim is presented to any other Federal agency, that agency shall transfer it forthwith to the appropriate agency, if the proper agency can be identified from the claim, and advise the claimant of the transfer. If transfer is not feasible the claim shall be returned to the claimant. The fact of transfer shall not, in itself, preclude further transfer, return of the claim to the claimant or other appropriate disposition of the claim. A claim shall be presented as required by 28 U.S.C. 2401(b) as of the date it is received by the appropriate agency.

*Id.* at § 14.2(b)(1).

The court finds that the USDA is the appropriate federal agency within the meaning of § 2401(b). The plaintiffs' complaint

alleges that the USDA's activities gave rise to the accident that occurred on August 25, 1992. Specifically, the complaint states

7. That the United States Department of Agriculture d/b/a Farmers Home Administration (United States of America) hereafter leased this property back to Ronnie Pence.

8. That on August 25, 1992, the United States of America was negligent in the maintenance of the fences on this property, causing the same to get into disrepair, particularly those bordering on Route 60.

9. The United States was negligent in supervising its lessee who failed to properly upkeep those fences and as a result thereof, they became in disrepair.

10. The United States of America was negligent in that the boundary fences between their property and the public right-of-way (United States Route 60) did not conform to the requirements of *West Virginia Code 19–7–1....*

(Complaint ¶ 7–10.) In addition, the administrative claim submitted to the United States Attorney's Office identified the USDA as the agency allegedly responsible for the negligence that resulted in injury to the plaintiffs. (U.S. Exhibit A.)

Based on plaintiffs' own allegations in the complaint and the administrative claim, the court finds that the alleged activities of the USDA, rather than the United States Attorney, gave rise to the claim. *See Lotrionte v. United States,* 560 F.Supp. 41, 43 (S.D.N.Y.), *aff'd,* 742 F.2d 1436 (2d Cir.1983). Thus, the court concludes that the facts are not in dispute as to the identity of the appropriate federal agency.

Next, the court finds that § 2401(b), read together with 28 C.F.R. § 14.2(a), requires that the USDA, the appropriate federal agency, receive the claim prior to the expiration of the statute of limitations. Plaintiffs have presented no evidence rebutting the government's proof that the USDA received the claim on August 31, 1994, outside of the statute of limitations. Plaintiffs only assert that service on the United States Attorney

on August 25, 1994 was sufficient to satisfy the statute of limitations. As will be discussed further below, the court finds this argument unpersuasive.

Courts have recognized constructive filing of a federal tort claim within the statute of limitations despite the fact that the appropriate agency received the claim after the statute of limitations expired. However, courts have allowed constructive filing only where the wrong agency received the claim and had ample time to transfer it to the appropriate agency before the statute of limitations expired, but failed to do so.

For example, in *Bukala v. United States,* 676 F.Supp. 162 (N.D.Ill.1987), *vacated and remanded,* 854 F.2d 201, 202 (7th Cir.1988), *rev'd on remand,* 727 F.Supp. 382 (N.D.Ill. 1989), the plaintiff delivered her claim to the improper agency eight months prior to the expiration of the two-year statute of limitations period. The inappropriate agency made no effort to transfer the claim to the appropriate agency or return it to the plaintiff. The Seventh Circuit Court of Appeals directed that

> [w]here one agency of government attempts in a dutiful and timely fashion to transfer a misdelivered claim to the appropriate federal agency and despite due diligence the claim arrives at the proper agency after the two-year limitations period has run, the claim will be time-barred. [citations omitted] It is only when a federal agency fails to comply with the transfer regulation that a timely but misdelivered claim may nevertheless be deemed timely presented to the proper agency.

*Bukala,* 854 F.2d at 204. On remand, the district court held that the plaintiff constructively filed her claim prior to the expiration of the statute of limitations when she filed it eight months prior to the expiration of the statute of limitations with the improper agency and it was not forwarded to the appropriate agency or returned to the plaintiff. *Bukala,* 727 F.Supp. at 382.

Similarly, in *Greene v. United States,* 872 F.2d 236, 237 (8th Cir.1989), the court also held that plaintiff's claim was constructively filed prior to the expiration of the statute of limitations. In *Greene,* the plaintiff filed her

claim with the wrong agency two months before the statute of limitations expired. The wrong agency failed to transfer or return the claim and did not raise the plaintiff's failure to file the claim with the appropriate agency until it answered the complaint. *Id.* at 236.

In comparison, in *Lotrionte v. United States,* 560 F.Supp. 41 (S.D.N.Y.), *aff'd,* 742 F.2d 1436 (2d Cir.1983), plaintiff sent her administrative claim to the wrong agency just two days before the statute of limitations was to expire. The wrong agency received the claim two days after the statute of limitations expired. *Lotrionte,* 560 F.Supp. at 42. The court found no credible evidence that the wrong agency received the claim before the statute of limitations expired. *Id.* at 43. Moreover, the court reasoned that even if the wrong agency had received the claim prior to the expiration of the statute of limitations, the claim would still be time barred because it would be error "to deem a claim presented, for the purposes of 28 U.S.C. § 2401(b), on the day it is received by the improper agency. Such a reading makes the term 'appropriate' in the statute, superfluous." *Id.* at 43. Instead,

> [t]he Court must imply at least a minimal period for transfer of the claim to the appropriate agency. In the present case, since the alleged presentation to the improper agency, was at the very end of the two year period of limitation, allowing time for transfer to the appropriate agency necessarily defeats plaintiff's claim as time barred.

*Id.*

The court finds that the facts in the instant case are most analogous to the facts in *Lotrionte.* There is no dispute that the act allegedly giving rise to the claim occurred on August 25, 1992 and as a result, the statute of limitations expired on August 25, 1994. (Complaint ¶ 7–17, Pls.' Memo. at 4, U.S. Memo. at 4.) Further, the parties do not dispute the fact that the claim was received by the United States Attorney on August 25, 1994. (Pls.' Memo. at 4, U.S. Memo. at 4.) Similar to *Lotrionte,* the United States Attorney's office, the wrong agency, in a "dutiful and timely fashion," transmitted the letter

the very next day to the USDA by cover letter dated August 26, 1994. (U.S. Exhibit B.) The claim was received by the USDA, the proper agency, on August 31, 1994, after the statute of limitations had expired. (U.S. Exhibit C.) Because the claim was misdelivered at the eleventh hour, "allowing time for transfer to the appropriate agency necessarily defeats plaintiff's claim as time barred." *Lotrionte,* 560 F.Supp. at 43. Allowing constructive filing in the instant case would create the very result that *Lotrionte* warned against, namely causing the word "appropriate" to become superfluous statutory language.

Plaintiffs, relying on *Slaaten v. United States,* 990 F.2d 1038 (8th Cir.1993), assert that the statute of limitations is not jurisdictional and must be affirmatively pleaded. (Pls.' Memo. at 3.) In *Slaaten,* the court relied on the United States Supreme Court's decision in *Irwin v. Dep't of Veteran's Affairs,* 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). In *Irwin,* the Court recognized that statutes of limitations in actions against the government are subject to the rebuttable presumption of equitable tolling applicable to suits against private defendants. *Id.* at 96, 111 S.Ct. at 457. The Court found that equitable tolling should apply in cases "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id.* at 97, 111 S.Ct. at 458. However, the Court noted that "[w]e have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights. [citations omitted]" *Id.*

The court does not believe that *Irwin* stands for the proposition that the statute of limitations provision of § 2401(b) is not jurisdictional. Prior to *Irwin,* the Fourth Circuit recognized that the FTCA statute of limitations provision was jurisdictional in nature. *Gould v. United States Dep't of Health and Human Services,* 905 F.2d 738, 741 (4th Cir. 1990), *cert. denied,* 498 U.S. 1025, 111 S.Ct. 673, 112 L.Ed.2d 666 (1991); *Kielwien v. United States,* 540 F.2d 676, 679 (4th Cir.),

*cert. denied,* 429 U.S. 979, 97 S.Ct. 491, 50 L.Ed.2d 588 (1976). The Court in *Irwin* did not explicitly indicate any intent to alter the jurisdictional nature of the statute of limitations of the FTCA. Rather, the Court in *Irwin* simply allowed "courts to consider equitable tolling of time limitations in the context of suits brought against the federal government while maintaining the jurisdictional quality of the time limitations." *Willis v. United States,* 879 F.Supp. 889, 892 (C.D.Ill. 1994). Furthermore, after *Irwin* the Fourth Circuit has continued to recognize the two-year time limit of § 2401(b) as jurisdictional. *Muth v. United States,* 1 F.3d 246, 249 (4th Cir.1993); *Ahmed v. United States,* 30 F.3d 514, 516 (4th Cir.1994).

Finally, plaintiffs have made no argument that equitable tolling should apply. They have not asserted that they actively pursued their judicial remedies by filing a defective pleading during the statutory period. Plaintiffs' pleadings in this civil action were not defective, rather they erred in their failure to present the administrative claim to the appropriate federal agency well before they could have even filed this civil action. Further, plaintiffs never argued that they were induced or tricked by the government's misconduct. Rather, the court concludes that this is the prototypical situation in which equitable tolling should be denied because plaintiffs failed to exercise due diligence in preserving their legal rights by presenting the administrative claim to the appropriate federal agency. *Irwin,* 498 U.S. at 97, 111 S.Ct. at 458.

The court is not persuaded by plaintiffs' argument that service upon the United States Attorney's office on August 25, 1994 was sufficient notice to the United States and therefore satisfied the statute of limitations requirement. The government correctly asserts that "Rule 4 is only applicable to civil actions pending in the District Court. *See* Fed.R.Civ.P. 1. A civil action is commenced by filing a complaint, not an administrative tort claim. *See* Fed.R.Civ.P. 3." (United States' Reply to Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and/or for Summary Judgment at 1, herein-

after "U.S. Reply at ——.") Service of the complaint does not satisfy the requirements of § 2401(b) that the claim be presented to the appropriate federal agency. The appropriate time for presenting the administrative claim occurs well before the civil action can be filed in the District Court. In fact, presenting the claim starts the six-months waiting period after which the plaintiff may file the action in the District Court.

The court is not persuaded by plaintiff's argument that "[i]n view of vagueness and potentially misleading nature of the application of regulations implementing the Federal Tort Claims Act, it would be assumed that the government's earlier failure to object to the claim made by Russell Johnson would be a waiver inasmuch as plaintiff had made a good faith attempt to effect notice." (Pls.' Memo. at 2.) Plaintiffs' reliance on *Campbell v. United States,* 534 F.Supp. 762 (D.Hawaii 1982), is inapposite. In *Campbell,* the plaintiff ultimately filed his claim with the federal agency within the prescribed time limit and, as a result, the court determined that the government's motion to dismiss in that regard was moot. *Id.* at 764. Also at issue in the case was whether under 28 C.F.R. §§ 14.3(b)–(e) the spouse of an injured plaintiff could file a claim on the injured spouse's behalf. The court held that "[b]ecause the regulations are vague and potentially misleading, the Court will assume that the government's earlier failure to object to the claim means that it found Duncan Campbell authorized to present Carolyn's claim within the meaning of section 14.3." *Id.* at 765.

The instant case deals with a different section of the Code of Federal Regulations. In addition, as discussed above, the court concluded that the regulation at issue in the instant case is clear and explicit in its requirement that the claim be presented to the appropriate agency within the two-year statute of limitations period. Moreover, " 'the requirement of filing an administrative claim is jurisdictional and may not be waived.' " *Ahmed,* 30 F.3d at 516 (quoting *Henderson v. United States,* 785 F.2d 121, 123 (4th Cir. 1986)) (emphasis added). Finally, as the government points out, the District Court dismissed the prior action on the govern-

ment's motion to dismiss and, as a result, no answer was filed. Thus, no waiver could have occurred. Fed.R.Civ.P. 8(c).

### RECOMMENDATION

Based on the foregoing discussion, the court concludes that it is without subject matter jurisdiction because plaintiffs failed to present their claim to the appropriate federal agency within the two-year statute of limitations provided by 28 U.S.C. § 2401(b). Therefore, it is respectfully RECOMMENDED that the District Court grant the government's motion to dismiss for lack of subject matter jurisdiction. Insofar as the government's motion asks for summary judgment, the court respectfully RECOMMENDS that the motion be denied.

The parties are notified that these Findings and Recommendation are hereby FILED, and a copy will be submitted to the Honorable Elizabeth V. Hallanan. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen (13) days from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour,* 889 F.2d 1363 (4th Cir.1989); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir.1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir.1984), *cert. denied,* 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Hallanan, and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same, by certified mail, return receipt requested, to counsel of record.

October 12, 1995