104 F.3d 356
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Clement MOSSERI, Plaintiff-Appellant,
v.
FEDERAL DEPOSIT INSURANCE CORPORATION; General Services
Administration, and United States of America,
Defendants-Appellees.
 No. 96-6152.
 United States Court of Appeals, Second Circuit.
 Dec. 23, 1996.
 
 Appeal from the United States District Court for the Southern District of New York (Harold Baer, Judge).
 APPEARING FOR APPELLANT: Clement Mosseri, Pro Se, Brooklyn, NY.
 APPEARING FOR APPELLEE: Carol R. Edmead, Federal Deposit (Federal Deposit Insurance Insurance Corporation, Washington, Corporation) D.C.
 APPEARING FOR APPELLEES: Glenn C. Colton, Assistant United (United States of America States Attorney, Southern District and General Services of New York, New York, NY. Administration)
 S.D.N.Y.
 AFFIRMED IN PART, VACATED IN PART.
 Before FEINBERG, ALTIMARI and PARKER, Circuit Judges.
 This cause came to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by appellant pro se and by counsel for appellees.
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court dismissing appellant's claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80, against the General Services Administration ("GSA") and the Federal Deposit Insurance Corporation ("FDIC") and his non-FTCA claims against the FDIC be vacated and that the case be remanded for further proceedings. The district court's judgment dismissing Mosseri's claims under the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 601 et seq., against the GSA is affirmed.
 Plaintiff-Appellant Clement Mosseri appeals pro se from a judgment of the United States District Court for the Southern District of New York (Baer, J.) dismissing his claims for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).
 
 
 1
 The pleadings allege that in January 1992 Mosseri, a New York real estate broker, after learning that the GSA was seeking to lease property in which to house a new social security office, contacted the GSA to assess its requirements. Mosseri then contacted the FDIC regarding certain property he learned was under its control that he thought would satisfy these requirements. Over the course of several months, Mosseri remained in contact with both the GSA about leasing arrangements and with the FDIC about a purchase. Although Mosseri was notified by the FDIC that he submitted the highest bid on the property, his bid was not accepted and the property was sold to another party with a lower bid who ultimately leased the property to the GSA for a social security office.
 
 
 2
 Mosseri sent letters to his congressional representatives detailing his experience with the GSA and FDIC and asserting that he had been wronged by the actions of both agencies. These letters were forwarded to both the FDIC and the GSA. Not being satisfied with the agencies' responses to these letters, in November, 1993, Mosseri filed an administrative claim with the FDIC in which he stated that the FDIC had acted improperly when it failed to accept his bid on the property and claimed damages totalling $4 million. On February 2, 1995, Mosseri filed a complaint against the FDIC and the GSA in which he requested monetary damages and claimed that the FDIC breached its fiduciary duty to maximize the net return value on the sale of property under its control when the FDIC did not sell him, the highest bidder, the property. Mosseri further claimed that the GSA wrongfully appropriated information from him without compensation and that the GSA and FDIC deliberately overlooked and misled him in order to favor another individual or entity with a lower bid. Mosseri amended his complaint to add the United States as a defendant.
 
 
 3
 In May, 1996, the district court dismissed all of Mosseri's claims for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). The court dismissed Mosseri's claims against the United States based upon the tortious conduct of the GSA on the grounds that Mosseri had not satisfied the FTCA's administrative claims process. The court explained that Mosseri's letters to his congressional representatives, which were forwarded to the FDIC and the GSA, did not suffice as filings and the court expressly declined to discuss Mosseri's contention that his filing with the FDIC covered the GSA, finding that the FDIC tort claim did not contain a demand for a sum certain. The court dismissed the contract claim against the GSA based on Mosseri's failure to first submit an administrative claim to the GSA and to specify a sum certain in his communications to the GSA. The court dismissed the claims arising from the FDIC's conduct on the grounds that such conduct is protected by the discretionary function exception to the FTCA.
 
 
 4
 On appeal, Mosseri argues that he properly complied with the administrative claims process under the FTCA with respect to the FDIC and under both the FTCA and the CDA with respect to the GSA. Mosseri further asserts that the court improperly dismissed his claims against the FDIC based upon the discretionary function exception as the actions of the FDIC were contrary to the statutory mandate of 12 U.S.C. § 1821(d)(13)(E). Appellee FDIC provides an alternative basis on which the court could have decided the instant case: Mosseri's lack of standing to sue the FDIC under 12 U.S.C. § 1821(d)(13)(E).
 
 
 5
 We review questions of subject matter jurisdiction de novo. Hotel & Restaurant Employees Union Local 217 v. J.P. Morgan Hotel, 996 F.2d 561, 564 (2d Cir.1993). An action for money damages cannot be instituted under the FTCA unless the claimant has first exhausted his administrative remedies. 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 107 (1993). The requirement that administrative claims be filed and denied by the appropriate federal agency is jurisdictional and cannot be waived. Keene Corp. v. United States, 700 F.2d 836, 841 (2d Cir.1983).
 
 
 6
 The district court dismissed Mosseri's FTCA claims against the GSA and the United States on the grounds that Mosseri had not filed a claim with the appropriate federal agency, i.e. the GSA. Mosseri had argued that his FDIC claim, when combined with the letters that had been forwarded by his congressional representatives to the FDIC and GSA, satisfied this requirement, but the district court rejected this argument on the ground that, in any event, Mosseri's FDIC claim did not include a demand for a sum certain. Opinion at 5 (citing inter alia 28 U.S.C. § 2765(b)).
 
 
 7
 There are at least two problems with this analysis that require remand. First, Mosseri's FDIC claim clearly stated damages of $4 million. See Supp.App. of Defendants-Appellees The United States of America and the General Services Administration, at 12. The district court's finding to the contrary was clear error. Second, a district court may find constructive filing in situations where the plaintiff files the claim with the wrong federal agency and that agency fails to transfer the claim. 28 C.F.R. § 14.2(b); Bukala v. United States, 854 F.2d 201, 204 (7th Cir.1988); see Greene v. United States, 872 F.2d 236, 237 (8th Cir.1989); 55 Motor Ave. Co. v. Liberty Indus. Finishing Corp., 885 F.Supp. 410, 418 (E.D.N.Y.1994). Here, the FDIC failed to contact the GSA regarding Mosseri's administrative claim, even though it had Mosseri's claim and Mosseri's letters explaining his claim. Mosseri's filing of his claim with the FDIC may therefore have sufficed as a constructive filing of a claim with the GSA.[1] However, the district court never considered the issue of constructive filing in its opinion. Therefore, we remand Mosseri's FTCA claims relating to the conduct of the GSA for a determination on the issue of constructive filing, and, if such a filing is found, for further proceedings if viable claims against the GSA remain.
 
 
 8
 The district court held that Mosseri's FDIC[2] claims were barred by the discretionary acts exception to the FTCA. See Opinion at 6-9 (citing 28 U.S.C. § 2680(a)). In coming to this conclusion, the district court relied on Gosnell v. FDIC, 938 F.2d 372, 376 (2d Cir.1991), which in turn relied on the fact that the FDIC's discretion under its governing statute was at the time extremely broad. 938 F.2d at 375-76. However, shortly after Gosnell was decided the FDIC's discretion was limited by the enactment of 12 U.S.C. § 1821(d)(13)(E), which details criteria to be used by the FDIC in its disposal of assets. Arguably, this limit on the FDIC's discretion takes it out of the discretionary acts exception to the FTCA. However, the district court failed to address the impact of this amendment in its opinion. Therefore, a remand is appropriate, so that the district court may consider the impact of 12 U.S.C. § 1821(d)(13)(E) on the discretionary acts exception. We do not intend here to rule that a cause of action does exist, leaving it to the district court in the first instance.
 
 
 9
 On remand, the district court should also consider 12 U.S.C. § 1821(d)(13)(E)'s impact on the issue of Mosseri's standing to bring this suit. To have standing based on his status as a disappointed bidder, a plaintiff must first demonstrate that he suffered an "injury in fact." See Association of Data Processing Serv. Orgs., Inc. v. Camp, 397 U.S. 150, 152 (1970). Assuming the plaintiff meets this threshold, he must then prove that disappointed bidders are "arguably within the zone of interests to be protected or regulated" by the relevant statutory scheme. Id. at 153. The district court must therefore consider whether someone in Mosseri's shoes has injury in fact and is within the zone of interests to be protected.
 
 
 10
 Mosseri's claim raises issues that apparently have not yet been addressed by this Circuit: full briefing before the district court is therefore desirable. We encourage the district court to strongly urge Mosseri to retain counsel for his claim, or alternatively to appoint counsel for him. However, we also emphasize that we express no view as to the merits of Mosseri's claims.
 
 
 11
 Mosseri's CDA claims were properly dismissed. Mosseri failed to exhaust his administrative remedies under the CDA, so the district court does not have subject matter jurisdiction over them. 41 U.S.C. § 605(a); W.M. Schlosser Co., Inc. v. United States, 705 F.2d 1336, 1337 (Fed.Cir.1983); Skelly and Loy v. United States, 685 F.2d 414, 416 (Ct.Cl.1982).
 
 
 12
 Any of Mosseri's claims that are based strictly upon misrepresentations or deceit by FDIC employees were also properly dismissed. Claims that arise from misrepresentations or deceit by FDIC employees acting within the scope of their employment do not fall within the subject matter jurisdiction of the district court. See 28 U.S.C. § 2680(a); Edelman v. Federal Hous. Admin., 382 F.2d 594, 596 (2d Cir.1967).
 
 
 13
 Accordingly, the judgment of the district court with respect to appellant's claims under the FTCA against the GSA and the FDIC is vacated and the case is remanded for further proceedings to determine whether valid causes of action remain in this case. The district court's judgment as to Mosseri's claims arising from the CDA against the GSA is affirmed.
 
 
 
 [1]
 Nor are they barred by the fact that Mosseri's claim had not been denied by the time he brought suit. As Mosseri filed his complaint with the district court more than six months after filing his administrative claim, he was entitled to treat his administrative claim as denied. 28 U.S.C. § 2675(a)
 
 
 [2]
 In light of this Court's obligation to construe pro se pleadings liberally, cf. Haines v. Kerner, 404 U.S. 519, 520 (1972), the following analysis assumes that Mosseri intended to sue the FDIC-Receiver. His allegations pertain to the FDIC's actions as a receiver of the assets of an insolvent bank. As his complaint does not contain any allegations that the FDIC-Corporate is somehow liable for the actions of the FDIC-Receiver, his complaint cannot be construed as making a claim against the FDIC-Corporate