# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 96-1506
_____

Blanche Elizabeth Dyer,          *
                               *
      Appellant,         *
                               *  Appeal from the United States
   v.                *  District Court for the
                               *  Southern District of Iowa.
United States of America,    *
                               *      [UNPUBLISHED]
      Appellee.          *

_____

Submitted:  February 28, 1997

Filed:   March 21, 1997
_____

Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.
_____

PER CURIAM.


Blanche Elizabeth Dyer appeals the district court's grant of summary judgment to defendants in her action filed under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 (FTCA).  We reverse and remand with instructions to transfer the case to the Northern District of Illinois.


After exhausting her administrative remedies, Dyer filed this action alleging that in February 1989, while she was a federal inmate housed at the Polk County, Iowa Jail (the jail), she began to choke and was diagnosed by Physician's Assistant Michael Farley as having a thyroid condition.  Farley scheduled her to see a specialist on March 7 and notified the United States Marshal's

Service (USMS) so they could make arrangements for her transportation.  On March 2, however, Dyer was transferred to the

Metropolitan Corrections Center (MCC), a Federal Bureau of Prisons (BOP) facility, in Chicago, Illinois. At MCC, Dyer was placed on several medications, but she did not see a specialist until she was finally transferred to the Federal Corrections Institute in Pleasanton, California, in May 1989. She was diagnosed with Graves' Disease and was treated with radiation pills. Dyer alleged that she suffered weeks of needless pain and eventually required more treatment than would have been needed had she received immediate treatment.

The district court granted summary judgment to the government, finding that the government was not liable under the FTCA for the alleged negligence of the jail medical staff, and the USMS's mere knowledge of the scheduled appointment with a specialist was insufficient to impose liability on the USMS. This court reviews the district court's grant of summary judgment de novo, applying the same standard as the district court; summary judgment is appropriate when, viewing the record in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Earnest v. Courtney, 64 F.3d 365, 366-67 (8th Cir. 1995) (per curiam).

While the USMS may not have been responsible for Dyer's delay in seeing a specialist, as it did not have custody of her on the date of her March 7 appointment, we conclude that a question remains as to whether the BOP was negligent in failing to take Dyer to a specialist for several months. The government did not submit any evidence to dispute Dyer's allegations that she was harmed by the BOP's lack of proper treatment.

Although Dyer's administrative claim was filed with the USMS, that agency had the responsibility to transfer the claim to the

appropriate federal agency if it could be determined from the claim.  <u>See</u> 28 C.F.R. § 14.2(b)(1).  Dyer complained in her

administrative claim about the delay in seeing a specialist following her transfer to federal custody. Because the USMS response to her claim disavowed any USMS responsibility for Dyer's treatment, and stated the BOP had provided treatment after she was transferred to Illinois, the USMS could have determined that the claim should have been transferred to the BOP, and thus Dyer can pursue against the United States her claim that she did not receive proper medical care while incarcerated. See Greene v. United States, 872 F.2d 236, 237 (8th Cir. 1989) (when federal agency fails to transfer FTCA claim to appropriate agency, claim is deemed timely presented and properly exhausted).

Because the proper focus of Dyer's complaint is on actions that occurred when she was in Illinois, the Iowa district court no longer provides the proper venue for her claim. See 28 U.S.C. § 1402(b) (FTCA claim may be prosecuted in district where plaintiff resides or where "the act or omission complained of occurred"). As Dyer would now be precluded from refiling her claim in Illinois, and her belief that the action was properly filed in Iowa was reasonable, we direct the district court to transfer the case to the Northern District of Illinois. See 28 U.S.C. § 2401(b) (FTCA claim must be brought within six months of denial of administrative claim); 28 U.S.C. § 1406(a) (district court shall transfer case to proper venue if in the interest of justice); cf. Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993) (transfer of Title VII action to court with proper venue when statute of limitations has run is in the interest of justice).

A true copy.

Attest:

      CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.