**John R. GIBBS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CIV A 2:98–0923.**

United States District Court,
S.D. West Virginia,
Charleston Division.

Jan. 28, 1999.

Paul M. Stroebel, Stroebel & Johnson, Charleston, WV, for plaintiff.

Rebecca A. Betts, U.S. Atty., Kelly R. Curry, Ass't. U.S. Atty., Evelyn Loeb, U.S. Postal Service, Washington, DC, for defendant.

### *MEMORANDUM OPINION AND ORDER*

HADEN, Chief Judge.

Pending is Defendant's motion to dismiss. The time has passed for Plaintiff to file a response; and the Court considers the matter ripe for review. After careful consideration, the Court **GRANTS** the motion.

Plaintiff Gibbs' case arose from a July 11, 1997 accident that occurred at the United States Postal Service's West Virginia Processing and Distribution Facility in Charleston. On December 30, 1997 Gibbs initiated an administrative claim with the United States Postal Service, within the two year statute of limitations. His stated basis for the claim was:

I came through 1st small door [unclear] after looking through small window. After coming out door I took 2 or 3 steps and turned left hitting my shinns [sic] of both legs on a nutting tk. that [unclear] sitting in a walkway that is not marked any longer. I cut my left leg, and scratched up my rt. I went to first aid box on dock but it was locked. So I [unclear] to the expiditor [sic] who found some bandaids [sic]. I put them on my legs and went to do my next run. My left leg got infected and both had large bruises. After going to Dr. I had to start phy. therpy [sic] at the hosp. in order to get my leg to start healing.

Ex. A, Def.'s Mot. Dismiss. Gibbs stated the amount of the personal injury claim was $7,500. On March 17, 1998 the Postal Service denied Gibbs' claim in a letter that specifically provided:

Regulations require us to inform you that if you are dissatisfied with our final action on this claim, you may file suit against the United States of America in an appropriate United States District Court not later than six months from the date of the mailing of this letter, which is the date shown above.

Ex. B, Def.'s Mot. Dismiss. Subsequently, Gibbs filed his complaint in this action on September 18, 1998. Defendant moved to dismiss for lack of subject matter jurisdiction, on grounds the action is barred by the statute of limitations.

As our Court of Appeals has recently restated, the United States Postal Service, as a governmental entity, "is entitled to sovereign immunity unless Congress waives that immunity and authorizes consent to suit." *Global Mail Ltd. v. U.S. Postal Serv.*, 142 F.3d 208, 210 (4th Cir.1998). Furthermore, although the Postal Service has the authority to sue and be sued, it remains "subject to the terms of the FTCA for those claims cognizable under that Act." *Id.* at 211. The Federal Tort Claims Act provides particular time periods within which a claim must be filed, in pertinent part as follows:

(b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or *unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim* by the agency to which it was presented.

28 U.S.C. § 2401 (emphasis added). There is no argument that Gibbs met the initial deadline by filing his claim with the Postal Service within two years after the claim accrued.

Gibbs' claim is nonetheless barred because he did not begin this action "within six months after the date of mailing of notice of final denial of the claim." *Id.* Here, the notice of final denial was mailed on March 17, 1998, as is demonstrated by the date of the letter and the date on the receipt for certified mail. *See* Ex. B, Def.'s Mot. Dismiss. By not responding to Defendant's motion, Gibbs has not contested that he filed his complaint on the day after the six month time period had run. *See, e.g., T & S Rentals v. United States*, 164 F.R.D. 422, 423 (N.D.W.Va.1996) (noting that a complaint for a claim denied on October 5, 1994 had to be filed no later than April 5, 1995). Our Court of Appeals and, indeed, this Court have previously held that the two year statute of limitations and presentment to the administrative agency are jurisdictional. *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994); *Muth v. United States*, 1 F.3d 246, 249 (4th Cir.1993); *Johnson v. United States*, 906 F.Supp. 1100, 1106 (S.D.W.Va.1995). Similarly, the requirement to file a complaint within six months of the mailing of the notice of final denial is jurisdictional. *See, e.g., Berti v. Veterans Admin, Hosp.*, 860 F.2d 338, 340 (9th Cir.1988); *Houston v. U.S. Postal Serv.*, 823 F.2d 896, 902 (5th Cir.1987), *cert. denied*, 485 U.S. 1006, 108 S.Ct. 1470, 99 L.Ed.2d 699 (1988).

Gibbs has not responded to Defendant's motion. He has failed to present arguments as to why his complaint was timely filed or,

otherwise, why his claim should not be dismissed.  Clear statutory language requires a ruling for the Defendant because failure to file within the six month period made Gibbs' claim "forever barred," 28 U.S.C. § 2401, *supra.*

Accordingly, after careful consideration, the Court **GRANTS** Defendant's motion to dismiss and **ORDERS** this case **DISMISSED** and **STRICKEN** from the docket.