**Robert N. COLLEGE, Personal Representative of the Estate of Ruth. College, Deceased, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 76–1632.**

United States Court of Appeals, Fourth Circuit.

Argued Nov. 11, 1977.

Decided Feb. 23, 1978.

Alexander Breuer, Marlon Heights, Md., for appellant.

Daniel M. Clements, Asst. U. S. Atty. (Jervis S. Finney, U. S. Atty., Baltimore, Md., on brief), for appellee.

Before WINTER, RUSSELL and WIDENER, Circuit Judges.

454

PER CURIAM:

This is an appeal from the dismissal of a claim under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq., for failure to submit a claim stated in a sum certain to the proper federal agency within the two-year period of the statute of limitations. 28 U.S.C. § 2401(b); 32 CFR § 842.106; 28 CFR § 14.2(a).

Ruth College alleged she was injured on March 31, 1972 in the Bolling Air Force Base Non-Commissioned Officer's Club when she sat on a bar stool and it collapsed. Her hip was injured and required two surgical operations at the Malcolm Grow Medical Center.

Mrs. College did not consult with her counsel in the present case until March 6, 1974. On March 8, 1974, her counsel wrote two letters: one was to the medical center requesting the medical records of Mrs. College's treatment; the second was to the officer in charge of the club where the accident occurred, notifying him that Mrs. College had had an accident in the club which she considered to be due to the negligence of the club. The medical records were received by the plaintiff's counsel on May 28, 1974, and he filed a claim for damages of $172,492.52 on November 14, 1974.

The Air Force refused to pay the claim, and Mrs. College,[1] instituted this suit in the district court. There, the district court granted a motion to dismiss on the ground that no claim for a sum certain had been made before the two-year statute of limitations had run on March 31, 1974. Specifically, the dismissal was granted because the letter of March 8, 1974, which was the only contact between plaintiff and the Air Force before the two-year period had expired, did not make a claim for a sum certain as required by 32 CFR § 842.106. That letter merely notified the Air Force that an accident had occurred; that there was permanent injury; that surgery was done at the medical center on certain dates, records of which would be forwarded when gained from the center; and that Mrs. College believed the accident to be due to the negligence of the Air Force. The letter did not state a certain or any amount of damages which the plaintiff was claiming.

█ In the district court, and on appeal, College has maintained that he should be relieved of that failure because the medical center had the records necessary for the formulation of a sum certain amount of damages, and it did not convey those records to him until May 28, 1974, seven weeks after the statute of limitations ran on March 31. However, we believe the regulation requiring that a claim be stated as a sum certain is neither inconsistent with the statute nor unreasonable, see *United States v. Cartwright,* 411 U.S. 546, 550, 93 S.Ct. 1700, 36 L.Ed.2d 543 (1973), and as a valid expression of when a claim is considered to have been presented is binding on the appellant. As to the appellant's argument that he should be relieved of his failure to state a sum certain, we feel that the opinion of the district court sufficiently states the reasons why such action would be inappropriate.

Accordingly, we affirm on the opinion of the district court. 411 F.Supp. 738 (D.Md. 1976). Cf. *Kielwien v. United States,* 540 F.2d 676 (4th Cir. 1976).

AFFIRMED.

█

1. Mrs. College subsequently died, and her estate was substituted as plaintiff. There is no allegation that her death was in any way connected with the accident which brought about this suit.