30 F.3d 514
 Fozia AHMED; Mohammad Ahmed, individually and as parents
and next friends of Aysha Ahmed; Aysha Ahmed,
Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee,
and
Mark Clayton Varney; Poquoson Leasing, Incorporated, Defendants.
 No. 93-2135.
 United States Court of Appeals,
Fourth Circuit.
 Argued April 13, 1994.
Decided July 25, 1994.
 
 ARGUED: Ralph Louis Arnsdorf, Smith, Somerville & Case, Baltimore, MD, for appellants. Larry David Adams, Asst. U.S. Atty., Baltimore, MD, for appellee. ON BRIEF: Tracy A. Mays, Smith, Somerville & Case, Baltimore, MD, for appellants. Lynne A. Battaglia, U.S. Atty., Baltimore, MD, for appellee.
 Before NIEMEYER, Circuit Judge, SPROUSE, Senior Circuit Judge, and RESTANI, Judge, United States Court of International Trade, sitting by designation.
 Affirmed by published opinion. Judge NIEMEYER wrote the opinion, in which Senior Judge SPROUSE and Judge RESTANI joined.
 OPINION
 NIEMEYER, Circuit Judge:
 
 
 1
 On a rainy evening in October 1989, in Salisbury, Maryland, Mark C. Varney lost control of his rented automobile and skidded across the center line, hitting an oncoming vehicle driven by Mohammad Ahmed. At the time of the accident, Varney, a civilian physicist with the United States Department of the Navy, was traveling on Navy business. The collision caused property damage of $2255.22 to Ahmed's vehicle and personal injury to Ahmed and to his wife and daughter, who were passengers in the vehicle. While the injuries to Ahmed and his daughter were minor, those sustained by his wife, Fozia, resulted in a diskectomy two years after the accident and a spinal infusion yet a year later.
 
 
 2
 The Ahmeds brought this negligence action against Varney in the Circuit Court for Wicomico County, Maryland, seeking damages for their personal injuries. The United States substituted itself as the defendant, determining that Varney, an employee of the United States Navy, was acting within the scope of his employment at the time of the accident, and removed the case to the district court. The United States then filed a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), contending that the Ahmeds failed to present their claim to the appropriate administrative agency as required by the Federal Tort Claims Act, 28 U.S.C. Sec. 2675(a), and that their claim against the United States was now barred by the two-year statute of limitations imposed by 28 U.S.C. Sec. 2401(b). The district court dismissed the action and we now affirm.
 
 
 3
 * After the accident in October 1989, State Farm Insurance Company, which insured the Ahmed vehicle, paid $2255 for the damage caused to the automobile and then retained attorney Clifton B. Thaw, III, to collect its subrogated claim of $2255 against Varney. In its retention letter, State Farm instructed Thaw with respect to collection of the insurance policy's deductible amount:
 
 
 4
 By copy of this letter, we are informing our insured that this matter is being referred to you, and should our insured desire your representation concerning recovery of the deductible, he or she should contact you immediately. As you are aware, State Farm Insurance Company does not have a contractual obligation or a legal right to pursue the deductible of the insured. Should our insured engage your services, we would appreciate your handling this on the same contingency basis that you do for State Farm Insurance Company.
 
 
 5
 Thaw wrote to the Ahmeds on November 2, 1990, notifying them that he represented State Farm in its subrogation claim and advising them of their interest in the $250 deductible paid to repair their vehicle. Thaw asked the Ahmeds to check the appropriate box in a preprinted form if they authorized him to pursue the deductible. Thaw also advised the Ahmeds about other damage claims they may have:
 
 
 6
 If you so authorize us to recover your deductible claim, any other claims which you may have against the defendants arising out of the accident must be included in the suit papers filed on your behalf and you should notify us of such claims upon giving us authorization to proceed on your behalf. You may, of course, contact an attorney of your choice to represent your interest should you so desire.... If you do not bring claims which you have in conjunction with the suit we are about to file, you may be barred from bringing them at a later date.
 
 
 7
 (Emphasis added). The Ahmeds responded only by checking the authorization form to allow Thaw to collect the deductible claim.
 
 
 8
 In response to Thaw's demand letter on the subrogation claim, the Navy wrote back instructing Thaw that a claim for personal injury "shall be presented by the person injured or his duly authorized agent or legal representative" and that the agent or legal representative filing the claim must present evidence of his appointment as such representative. The letter also instructed Thaw to use the Standard Form 95 ("SF 95") for filing a claim for damage or injury.
 
 
 9
 Thaw completed an SF 95 and sent it to the Naval Legal Service Office in November 1990. The SF 95 identified the claimants as "Mohammad Riaz Ahmed and Fozia Qayum Ahmed to their own use and to the use of State Farm Mutual Automobile Insurance Company," and claimed reimbursement for property damage to the vehicle in the amount of $2,255.22. The form also noted that there was an uninsured motorist bodily injury claim pending, but did not specify the amount claimed. In the space provided for amount sought for personal injury, Thaw wrote, "not yet determined." Thaw himself then added the following highlighted language to the pre-printed form:
 
 
 10
 I certify that the amount of claim covers only damages and injuries caused by the accident above and agree to accept said amount in full satisfaction and final settlement of this claim FOR PROPERTY DAMAGE ONLY, PERSONAL INJURY CLAIM PENDING.
 
 
 11
 Daniel J. Borders, a Navy investigator who investigated the claim, concluded that the accident was caused by driver error and negligence and recommended that liability be accepted by the Navy on behalf of its employee, Varney. The report specifically recognized that "on 5 December 1990, a claim for property damages in the amount of $2,255.22 was received from Clifton B. Thaw, III," and that "the claim form indicates a claim for injuries is pending." Borders recommended payment in the sum of $2,255.22, and the Navy paid that amount.
 
 
 12
 A month later, in January 1991, Karla Halstead-Tutt, a claims examiner for federal tort claims in the Navy's legal office, called Thaw's office to inquire about the potential personal injury claim. Thaw's secretary, who answered the phone, informed Halstead-Tutt that State Farm had settled its subrogated claim with the United States. Upon Halstead-Tutt's request, Thaw confirmed his secretary's representation in a letter dated January 29, 1991:
 
 
 13
 This will follow-up your conversation with my secretary, Donna, of January 25, 1991. The above-captioned matter [Mohammad Riaz Ahmed and Fozia Qayum Ahmed v. Mark Clayton Varney and Poquoson Leasing, Inc.] has been settled between State Farm and Charter Risk Retention Group. Therefore, State Farm will not be looking for further payment.
 
 
 14
 Consequently, the Navy considered the personal injury claim withdrawn, and it closed its file on February 1, 1991.
 
 
 15
 On June 23, 1992, more than two and one-half years after the accident and after the two-year statute of limitations for the Federal Tort Claims Act had run, the Ahmeds brought suit against Varney in state court seeking damages for personal injuries. The United States removed the action to the district court and moved to dismiss the case, asserting lack of subject matter jurisdiction because of the Ahmeds' failure to exhaust their administrative remedies as required by the Act. The district court, holding that the Ahmeds' claim was not properly filed since the SF 95 was not accompanied by evidence that Thaw was authorized to present the Ahmeds' claim, granted the motion and dismissed the case. This appeal followed.
 
 II
 
 16
 The question presented on this appeal is whether the Ahmeds properly presented and pursued their personal injury claim against the Navy to satisfy the administrative exhaustion requirement under the Federal Tort Claims Act. Since the district court's dismissal of the complaint under Fed.R.Civ.P.12(b)(1) is a legal determination, we review its judgment de novo. See Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768-69 (4th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 1667, 118 L.Ed.2d 388 (1992).
 
 
 17
 The Federal Tort Claims Act ("FTCA") requires that a claim be "presented" to the appropriate agency within two years after the claim accrues. 28 U.S.C. Sec. 2401(b). The Act also requires that before an action may be commenced in court, the claimant must "present" his claim to the appropriate administrative agency for determination. 28 U.S.C. Sec. 2675(a). We have observed that "the requirement of filing an administrative claim is jurisdictional and may not be waived." Henderson v. United States, 785 F.2d 121, 123 (4th Cir.1986).
 
 
 18
 Regulations promulgated pursuant to the FTCA provide that a claim is presented "when a Federal agency receives from a claimant ... an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death." 28 C.F.R. Sec. 14.2(a) (emphasis added). This provision has been interpreted by the courts to indicate that the claimant meets his burden if the notice "(1) is sufficient to enable the agency to investigate and (2) places a 'sum certain' value on her claim." Adkins v. United States, 896 F.2d 1324, 1326 (11th Cir.1990). See also GAF Corp. v. United States, 818 F.2d 901, 919 (D.C.Cir.1987) (holding that Section 2675(a) requires a claimant to file "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum-certain damages claim"); Kokaras v. United States, 980 F.2d 20, 22 (1st Cir.1992) (holding that "timely-presented claim stating a sum certain is necessary for a court to have jurisdiction to entertain a suit against the United States under the FTCA"), cert. denied, --- U.S. ----, 114 S.Ct. 74, 126 L.Ed.2d 43 (1993).
 
 
 19
 The regulations also require that the claim be accompanied by the title or legal capacity of the person signing the form, and by evidence of such person's authority to present the claim on behalf of the claimant. 28 C.F.R. Sec. 14.2(a). Section 14.2(a) states that "a claimant, his duly authorized agent or legal representative" execute the SF 95, and that if the SF 95 is executed by someone other than the claimant, then the form be accompanied by "evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative." Id.
 
 
 20
 In summary, in order to present a personal injury claim to the appropriate administrative agency, the claimant must present it to the agency in writing by means of an SF 95 or an equivalent; the writing must include a claim for money damages in a sum certain; if the claimant is represented, the representative's authorization must be demonstrated; and these matters must be accomplished within two years of the incident.
 
 
 21
 We now turn to the facts of this case to determine if these requirements were met.
 
 III
 
 22
 The record before us contains no evidence that the Ahmeds ever gave Thaw authorization to represent them for their personal injury claim. Neither did Thaw submit any evidence, along with the SF 95, indicating that he was a duly authorized representative to file such a claim. The SF 95 was filed by Thaw in connection with his representation of State Farm in its subrogation claim, and the only reason the Ahmeds were included in the form was to present their deductible claim in the amount of $250. Even though Thaw cautioned, in his letter, that the Ahmeds might waive their other claims if they did not bring them along with their deductible claim, there is no evidence in the record that the Ahmeds sought Thaw's representation on the personal injury claim or otherwise pursued that claim.
 
 
 23
 In addition, while the SF 95 refers only to a potential personal injury claim, one was never made and no sum certain was ever demanded, as required under 28 C.F.R. Sec. 14.2(a). Section 2675(a) of Title 28 and 28 C.F.R. Sec. 14.2(a) require two elements for sufficient presentment of a claim to an agency: 1) written notice sufficient to cause the agency to investigate, and 2) a sum-certain value on the claim. See Adkins v. United States, 896 F.2d at 1326. The sum-certain requirement is one of substantial importance, and even courts liberally construing the presentment requirement under the FTCA require that the claimant place a certain value on the claim. See, e.g., Williams v. United States, 693 F.2d 555, 557 (5th Cir.1982) ("we have held that no particular form or manner of giving such notice is required as long as the agency is somehow informed of the fact of and amount of the claim within the two year period prescribed bySec. 2401(b).") (emphasis added). This emphasis on the sum-certain element gives effect to Congress' intent that a presentment "would initiate a settlement procedure in which the agencies were to investigate claims." GAF Corp., 818 F.2d at 919 (citing S.Rep. No. 1327, 89th Cong., 2d Sess. 3-4, reprinted in U.S.Code Cong. & Admin. News 2515, 2517).
 
 
 24
 The Ahmeds do not dispute that they did not allege a sum-certain value. Rather, they argue that because Fozia Ahmed's back condition was uncertain at the time, it was not possible for them to have placed a certain value on their personal injury claim. This contention, however, overlooks the flexibility provided by the FTCA in giving claimants ample opportunity to amend their claims as the evidence develops. See 28 U.S.C. Sec. 2675(b), 32 C.F.R. Sec. 750.28. The Ahmeds need only have presented some specific valuation of their claims, and their failure to do so means that they did not present the claim and consequently did not exhaust their administrative remedies.
 
 
 25
 Any question whether Thaw presented a claim through a reference to a potential personal injury claim in the SF 95 is removed by Thaw's response to the Navy's inquiry about the claim. When the Navy claims examiner, Halstead-Tutt, telephoned Thaw's office to inquire about the personal injury claim, she was told by Thaw's secretary that the matter had been settled. Thaw followed up on this conversation with a letter dated January 29, 1991, in which he confirmed that he will not be seeking further payment from the Navy.
 
 
 26
 Having failed to present their personal injury claim to the Navy as required within two years of the accident, the Ahmeds are now barred from pursuing the claim in this lawsuit. We therefore affirm the judgment of the district court.
 
 
 27
 AFFIRMED.