64 F.3d 661
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ollie F. WHITE, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-2366.
 United States Court of Appeals, Fourth Circuit.
 Argued June 8, 1995.
Decided Aug. 11, 1995.
 
 ARGUED: Clifford Leon Lee, II, THE LEE LAW FIRM, P.A., Fayetteville, NC, for Appellant. Barbara Dickerson Kocher, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, NC, for Appellee. ON BRIEF: Janice McKenzie Cole, United States Attorney, Paul M. Newby, Assistant United States Attorney, Raleigh, NC, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before MICHAEL and MOTZ, Circuit Judges, and JACKSON, United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Mrs. Ollie F. White appeals from the district court's dismissal of her Federal Tort Claims Act ("FTCA") lawsuit. She claims the district court erred in dismissing her suit for lack of subject matter jurisdiction, granting the government's summary judgment motion on her claim of negligent infliction of emotional distress, and by not addressing her motion to exhume her husband's body. Finding no error, we affirm.
 
 I.
 
 2
 On October 10, 1990, Harold R. White, a veteran, was admitted to Womack Army Community Hospital at Fort Bragg, North Carolina. Prior to his admission, Mr. White had been suffering chest and neck pains. Mr. White had been previously diagnosed with neck cancer and was in the Agent Orange classification.[1] Mrs. White states that initially hospital personnel told her that X-rays showed her husband's cancer had spread to his lungs. Hospital records show that on admission, Mr. White was diagnosed with pneumonia.
 
 
 3
 According to the hospital, on the night of October 10th, Mr. White developed a different sort of chest pain, which was consistent with a heart attack. Mrs. White was called to the hospital at approximately 7:15 p.m. and told that her husband was still alive. Mr. White was subsequently taken to the Intensive Care Unit where he briefly lost consciousness and then reawakened. Shortly thereafter he had another heart attack. Cardiopulmonary resuscitation was attempted but was unsuccessful. Mr. White was pronounced dead at 9:04 p.m. and Mrs. White was notified. She claims that upon viewing and touching the body, it was apparent to her and friends who were present that Mr. White had been deceased for some time. Specifically, Mrs. White thought that her husband's body was too cold for him to have died just moments before.
 
 
 4
 The hospital determined that the cause of death was a heart attack but wished to perform an autopsy. Mrs. White agreed to the examination. An autopsy was completed on October 11, 1990, and the doctor who performed it determined that Mr. White died from a heart attack caused by severe coronary artery disease.
 
 
 5
 When the report was given to Mrs. White, she immediately noticed that it contained two serious errors. First, part of the report described Mr. White as a "white male weighing approximately 175 pounds and measuring 70-inches in length." However, Mr. White was African-American. Second, the report stated that Mr. White had a surgical scar on the right side of his neck, when in fact it is on the left side. These errors were eventually corrected.
 
 
 6
 Mrs. White also claims that before the autopsy, she was told it would be performed using a "Y cut incision." However, at her husband's final viewing she saw no evidence of any cuts or incisions that would indicate an autopsy was performed. When she asked about this discrepancy, she was told that an autopsy was performed by making an incision under the breast bone and across the decedent's chest.
 
 
 7
 On July 9, 1992, Mrs. White filed a Claim for Damage, Injury, or Death for one million dollars with the Office of the Staff Judge Advocate at Fort Bragg. This claim was denied. On October 21, 1993, Mrs. White brought a two-count complaint against the United States under the FTCA, 28 U.S.C. Secs. 1346(b) and 2671-80 (1988). Count One of her complaint alleged negligent infliction of emotional distress and Count Two alleged negligence in the preparation of the autopsy report. She sought damages of one million dollars.
 
 
 8
 Before the district court issued an order in the case, Mrs. White made a Motion to Amend her Complaint and a Motion for Exhumation of a Body. The Motion to Amend was granted, and the amended complaint, while maintaining the underlying claims, more clearly characterized the government's actions as negligence. The record does not show that the district court addressed the Motion for Exhumation.
 
 
 9
 The United States moved to dismiss Mrs. White's claims or in the alternative for summary judgment on the grounds that she was alleging misrepresentation, and that the alleged negligent actions of the government did not support recovery for negligent infliction of emotional distress under North Carolina law. The district court, in its September 22, 1994 order, determined Mrs. White was in part alleging misrepresentation, and it dismissed those claims for lack of subject matter jurisdiction pursuant to 28 U.S.C. Sec. 2680(h). The court next addressed Mrs. White's negligent infliction of emotional distress claim. It examined North Carolina law and found Mrs. White did not show the necessary negligent act for negligent infliction of emotional distress. The district court granted summary judgment for the government, and this appeal followed.
 
 II.
 
 10
 Since the issues before the court are legal determinations, we review the court's judgment de novo. See Ahmed v. United States, 30 F.3d 514, 516 (4th Cir.1994) (citing Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768-69 (4th Cir.1991), cert. denied, 503 U.S. 984 (1992)).
 
 III.
 
 11
 Plaintiff first alleges that the district court erred in dismissing her claim for lack of subject matter jurisdiction. We disagree. When a defendant contends that a complaint "fails to allege facts upon which subject matter jurisdiction can be based ... all the facts alleged in the complaint are assumed to be true...." Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir.1982). The FTCA waives the United States' sovereign immunity to suit in certain circumstances, but 28 U.S.C. Sec. 2680(h), which covers exceptions to the FTCA, states that the act shall not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference in contract rights ...." (emphasis added). The essence of Mrs. White's claim is that the hospital misrepresented both her husband's time of death and that an autopsy was performed on him.
 
 
 12
 Mrs. White argues that the representations in the autopsy report are indicative of negligence which falls outside of the scope of the misrepresentations contemplated by 28 U.S.C. Sec. 2680(h). We find this contention to be without merit. The United States Supreme Court rejected a similar argument in United States v. Neustadt, 366 U.S. 696 (1961), in which it held that Sec. 2680(h) includes claims arising out of negligent, as well as willful, misrepresentations. Id. at 702. The Supreme Court stated: "the argument has been made by plaintiffs, and consistently rejected by the courts ... that the bar of Sec. 2680(h) does not apply when the gist of the claim lies in negligence underlying the inaccurate representation, i.e., when the claim is phrased as one 'arising out of' negligence rather than 'misrepresentation' " Id. at 703. The Court concluded: "While we do not condone carelessness by government employees in gathering and promulgating such information, neither can we justifiably ignore the plain words Congress has used in limiting the scope of the Government's tort liability." Id. at 710-11 (footnote omitted). Therefore, any claim based on misrepresentation of Mr. White's time of death or the fact that an autopsy was performed is precluded by Sec. 2680(h).
 
 
 13
 Mrs. White argues that her case should be distinguished from Neustadt because she is entitled to benefits independent of the FTCA, which should not be bootstrapped to that statute in order to deny her these entitlements. The benefits plaintiff refers to are service-connected death benefits that would presumably arise if Mr. White had died of Agent Orange-related cancer. We disagree, finding no authority to support this contention.[2] Mrs. White's second contention is that the district court erred in its alternative holding, which granted summary judgment for the United States based on North Carolina law. Since the FTCA precludes suits arising out of negligent misrepresentations by the United States, which is the basis for Mrs. White's claim for negligent infliction of emotional distress, it was not necessary for the district court to examine North Carolina law. The district court properly dismissed Mrs. White's suit for lack of subject matter jurisdiction.
 
 IV.
 
 14
 Mrs. White also asserts that she was not afforded an opportunity to establish her claim that an autopsy was not performed. We find no error. Mrs. White seeks the opportunity to prove the government misrepresented that an autopsy was performed; however, under the exceptions of Sec. 2680(h) and the relevant case law, this disputed fact would not affect the outcome of the suit or preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In addition, Mrs. White argues in her Motion for Exhumation that the procedures for acquiring permission of the United States of America for an exhumation require certain relatives of the decedent to join the request, and that those persons would not join in the request for the exhumation. That issue is not relevant to the court's determination. This court is not the proper forum to adjudicate the issue of exhumation with Mr. White's other relatives.[3] Moreover, even if it is discovered that Mr. White died of Agent Orange causes and that an autopsy was not performed, a claim based on misrepresentations remains proscribed under the FTCA.
 
 AFFIRMED
 
 
 [1]
 Because of Mr. White's Agent Orange classification, Mrs. White would have been entitled to certain Veterans' Administration benefits if it had been shown that he died of cancer
 
 
 [2]
 In fact, the Seventh Circuit has rejected a similar argument. See Deloria v. Veteran's Admin., 927 F.2d 1009 (7th Cir.1991), in which a veteran claimed that Veteran's Administration employees conspired to defraud him of his veteran's disability benefits by denying his claims for post-traumatic stress disorder and Agent Orange-related injuries. The Seventh Circuit held that "[t]he FTCA exceptions for misrepresentation and deceit certainly encompass Deloria's claim that VA officials conspired to distort his medical records and misrepresent the law." Id. at 1012 (citation omitted)
 
 
 [3]
 Since Mrs. White is willing to pay all the costs of the exhumation, the Court urges the United States to reach an accord with Mrs. White on this matter. As the Assistant United States Attorney admitted at oral argument, there is no logical reason for the government not to do so