UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SHARON DENISE OWENS,
Plaintiff-Appellant,

v.                                                                No. 95-1685

UNITED STATES OF AMERICA,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Rebecca B. Smith, District Judge.
(CA-94-55-4)

Submitted: February 8, 1996

Decided: July 11, 1996

Before RUSSELL and LUTTIG, Circuit Judges, and CHAPMAN,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Sherman Carl Smith, Newport News, Virginia, for Appellant.
Frank W. Hunger, Assistant Attorney General, Helen F. Fahey,
United States Attorney, David V. Hutchinson, Assistant Director,
Admiralty Section, Robert H. Schapler, Trial Attorney, Torts Branch,
Civil Division, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Sharon Denise Owens appeals the dismissal of her complaint alleging negligence on the part of appellee United States. The United States District Court for the Eastern District of Virginia found that the statute of limitations had expired, and it therefore granted the United States' motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1). We affirm.

On June 17, 1991, Owens, a pipefitter for Newport News Shipbuilding and Drydock Company, slipped, fell, and was injured while on board the U.S.S. Enterprise. On June 17, 1993, exactly two years later, Owens filed an action under the Federal Tort Claims Act. Because the Federal Tort Claims Act was not the proper vehicle for relief, she later amended her complaint to add the Suits in Admiralty Act as an additional source of relief.

On April 20, 1994, the amended complaint was dismissed without prejudice for failure to comply with the 120 day requirement for service under Federal Rule of Civil Procedure 4(j). On May 5, 1994, Owens filed a second complaint stating claims under the Federal Tort Claims Act, the Suits in Admiralty Act, and the Public Vessels Act. Because the second complaint was not filed within the two year time limitation on admiralty actions, the government moved to have this complaint dismissed for lack of subject matter jurisdiction. Owens argued that her first complaint was timely filed, and therefore, the filing of the first complaint tolled the statute of limitations.

This court reviews the district court's dismissal for lack of subject matter jurisdiction de novo. Ahmed v. United States, 30 F.3d 514, 516 (4th Cir. 1994). The district court recognized that actions under the Suits in Admiralty Act and the Public Vessels Act must be brought within two years from the date that the cause of action arises. The two

2

year limitations period under the Suits in Admiralty Act, which also applies to suits under the Public Vessels Act through 46 U.S.C. § 782, is jurisdictional. <u>Williams v. United States</u>, 228 F.2d 129 (4th Cir. 1955).

Even accepting as true Owens' contention that the filing of the first complaint tolled the statute of limitations, the second complaint was not timely filed. The statute of limitations would have been tolled from June 17, 1993, the filing date, until April 20, 1994, the date the first complaint was dismissed. Because Owens filed the first complaint on the last day of the limitations period, she would have had to have filed the second complaint on the very day the first complaint was dismissed. To allow the second complaint to go forward would grant Owens longer than two years total to bring her action. The district court was correct to dismiss the second complaint as untimely.

For the foregoing reasons, the district court's granting of the government's motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) is hereby

<u>AFFIRMED</u>.