**Carl E. BERLIN, Jr., Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

**No. CIV. A. 3:96–0349.**

United States District Court, S.D. West Virginia.

June 23, 1997.

Charles M. Hatcher, R. Lee Booten, II, Huntington, WV, for Plaintiff.

United States Attorney, Charleston, WV, for Defendant.

## MEMORANDUM OPINION AND ORDER

STAKER, Senior District Judge.

Plaintiff filed this action pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C.A. §§ 1346 (West 1993) & 2671–80 (West 1994), on April 16, 1996, to recover damages for injuries he allegedly sustained on June 25, 1993, when the car in which he was riding wrecked. He alleges that the wreck was caused by the negligence of the Deputy United States Marshal who was driving the car at the time of the accident.[1]

The United States has moved to dismiss the action for lack of subject matter jurisdiction by this court. It contends that the plaintiff failed to file a proper administrative claim with the Marshal Service within two years after the claim accrued, as is required

---

**1.** "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances ...." 28 U.S.C.A. § 2674.

The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim .... Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee ... is precluded without regard to

when the act or omission occurred.

28 U.S.C.A. § 2679(b)(1) (West 1994).

by 28 U.S.C. § 2401(b).[2] *Ahmed v. United States,* 30 F.3d 514, 516 (4th Cir.1994).

The plaintiff opposes this motion on the ground that he did file an administrative claim within the requisite two year period. It is his contention that the letter his attorney wrote to the Marshal Service on May 26, 1995, advising it of the accident and of plaintiff's injury, constituted the filing of an administrative claim. He asserts that more than 6 months have passed since he filed that claim without any decision by the agency and, therefore, he is entitled to file this present action and this court has jurisdiction to hear it. 28 U.S.C.A. § 2675(a).[3]

Although the United States does not contest that the Marshal Service received that letter, it contends that it was not a proper administrative claim because it did not contain any allegation of money damages in a "sum certain," *Ahmed supra; College v. United States,* 572 F.2d 453 (4th Cir. 1978)(per curiam), or any information from which the Marshal Service could reasonably calculate such damages. *Wardsworth v. United States,* 721 F.2d 503, 505–06 (5th Cir.1983)(per curiam). It is the position of the United States that the letter merely notified the Marshal Service of an accident and an injury and, as such, is insufficient to serve as an administrative claim. *College v. United States,* 411 F.Supp. 738, 740 (D.Md.1976), aff'd, 572 F.2d 453 (4th Cir.1978)(per curiam).

At the hearing on the motion to dismiss, the plaintiff asserted that he had alleged money damages in a sum certain in the complaint he had filed in a previous civil action regarding the accident.[4] Because the previous action had been instituted on June 23, 1995, which was prior to the expiration of the two-year limitation period in 28 U.S.C.A. § 2401(b), plaintiff argued that the prior complaint supplemented the May 26th letter so that together they constituted a proper administrative claim. In the alternative, plaintiff contended that the United States is estopped from denying that he had filed a proper claim within the two-year limitation period, based upon representations by the Office of General Counsel of the Marshal Service to his attorney, as set out in n. 4 of this opinion.

---

**2.** A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C.A. § 2401(b) (West 1994).

**3.** An action shall not be instituted upon a claim against the United States for money damages for … personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government

while acting with the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C.A. § 2675(a) (West 1994).

**4.** On June 23, 1995, plaintiff filed an action in this court, Civil Action No. 3:95–0471, against Thomas D. Chenault, the Deputy Marshal who was driving the car involved in the wreck, and the United States Marshal Service. In the com-

plaint, he asserted that the May 26th letter constituted his administrative claim and he demanded damages in the amount of $250,000.

Accompanying the complaint was a ex parte "stipulation" by his attorney in which he stated that the civil action had been filed in order to toll the running of the statute of limitations. Counsel admitted that the Marshal Service had not been afforded the six month period to consider plaintiff's claim before the civil action had been filed, as is required by 28 U.S.C.A. § 2675(a). Ct. Doc. 2, Civil Action No. 3:95–0471. However, according to counsel, he and the Office of General Counsel for the Marshal Service had agreed that the agency did not have to file an answer in the civil action until there had been a final disposition of the claim. *Id.*

The United States Attorney for the Southern District of West Virginia filed a certification that Mr. Chenault had been acting within the scope of his employment at the time of the accident and moved to substitute the United States as the party defendant. 28 U.S.C.A. § 2679(d)(1). That motion was granted and the United States then moved to dismiss the civil action as premature because the plaintiff had not exhausted his administrative claim remedy. *McNeil v. United States,* 508 U.S. 106, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). This court, Judge Goodwin presiding, granted the United States' motion and dismissed the case without prejudice.

## ISSUES

There are two issues this court must resolve in order to decide the motion to dismiss. First, did the complaint filed in the previous civil action amend or supplement the May 26th letter so that together they constituted a proper administrative claim? Second, may the United States be estopped from contesting that a proper administrative claim was timely filed?

## DISCUSSION

 "The Federal Tort Claims Act ('FTCA') requires that a claim be 'presented' to the appropriate agency within two years after the claim accrues. 28 U.S.C. § 2401(b). The Act also requires that before an action may be commenced in court, the claimant must 'present' his claim to the appropriate administrative agency for determination. 28 U.S.C. § 2675(a)." *Ahmed, supra.* "[T]he requirement of filing an administrative claim is jurisdictional and may not be waived." *Id.* (quotation marks omitted). An individual "presents" a personal injury claim when he files with the appropriate administrative agency "an executed Standard Form. 95 or other written notification of [the] incident, accompanied by a claim for money damages in a sum certain . . . ." *Id.* (quoting 28 C.F.R. § 14.2(a)). The term "sum certain" means "some specific valuation of [the] claim[ ]," *id.* at 518, or "information which could be used to estimate the claim . . . ." *College v. United States,* 411 F.Supp. at 741. The filing of a civil action cannot serve as the substitute for the filing of an administrative claim. *Cizek v. United States,* 953 F.2d 1232, 1234 (10th Cir.1992); *Henderson v. United States,* 785 F.2d 121, 123–24 (4th Cir.1986); *Farr v. United States,* 580 F.Supp. 1194 (E.D.Pa. 1984).

A review of the May 26th letter clearly shows that no monetary damages were mentioned therein. Nor did it contain any information from which monetary damages could be calculated. Therefore, it alone cannot be considered a proper administrative claim. *Bogl v. United States Postal Service,* No. CIV. A. 93–0889, 1993 WL 264900 *3 (E.D.Pa.1993); *College, supra.*

## I. Amendment of Claim

Prior to 1966, a claimant filed an FTCA claim by instituting an action in federal court. *Tucker v. United States Postal Service,* 676 F.2d 954, 958 (3d Cir.1982). The suit was then referred by the United States Attorney to the agency concerned. *Id.* Section 2675 was amended in 1966 to establish the current system requiring that an administrative claim be filed first with the appropriate agency and only after the administrative process has taken its course may the claimant bring suit in federal court. *Id.* The Supreme Court has said that "[t]he most natural reading of [ § 2675(a) ] indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process." *McNeil,* 508 U.S. at 111, 113 S.Ct. 1980 (emphasis added). In order to exhaust administrative remedies, the claimant must file a claim which alleges a sum certain in damages. *Ahmed, supra.*

Some courts have allowed a complaint which had been filed in state court against the negligent government employee but which was later dismissed to serve as the allegation of a sum certain if a copy of that complaint is attached to a timely-filed administrative claim. *Williams v. United States,* 693 F.2d 555, 557–58 (5th Cir.1982); *see Lester v. United States,* 487 F.Supp. 1033, 1038 (N.D.Tex.1980); *accord Henderson,* 785 F.2d at 126 (Judge Widener dissenting). However, other courts have held that a civil action cannot serve to amend or supplement a defective administrative claim and supply the missing allegation of a sum certain, even if the civil action is filed within the two-year limitation period of § 2401(b). *Bogl,* at *3; *Farr,* 580 F.Supp. at 1196; *see Henderson, supra. Contra Lester v. United States, supra.*

The most analogous decision within the Fourth Circuit that this court could find is *Henderson, supra.* In that case the plaintiffs had filed a state court action against the government employee personally. 785 F.2d at 122. The United States certified that the employee was acting within the scope of his employment at the time of the accident and removed the case to federal court. *Id.* Since an administrative claim had never been filed,

the district court dismissed the suit for plaintiffs' failure to exhaust administrative. remedies. *Id.* The plaintiffs then filed an administrative claim which was denied because it was filed more than two years after the incident. *Id.* Thereafter the plaintiffs brought an FTCA action in federal court which was dismissed because the administrative claim was filed beyond the statute of limitations. *Id.* at 123.

On appeal, the plaintiffs contended that the first civil action, which had been instituted within the two-year limitation period of § 2401(b), should serve the purpose of an administrative claim. *Id.* at 127–28 (Judge Widener dissenting). The majority upheld the dismissal. *Id.* at 123–24. The court held that the state court civil action could not be considered an administrative claim, even though it had been filed within the time constraints of § 2401(b), the appropriate agency was aware of the claim (since the United States was substituted as the defendant), *id.*, and it would furnish all the information that was required to be included in an administrative claim. *Id.* at 127 (Judge Widener dissenting). The court believed that to allow a civil action, which is filed before there has been exhaustion of administrative remedies, to amend a deficient administrative claim would be taking a step back toward the pre–1966 claim procedure which Congress had deliberately changed. It "would be tantamount to judicial repeal of the provisions requiring the exhaustion of administrative remedies ...," *Henderson*, 785 F.2d at 125.

▮ Based upon the Fourth Circuit's opinion in *Henderson*, *supra*, this court does not believe that a claimant should be allowed to amend a defective administrative claim by prematurely filing an FTCA civil action which the plaintiff knows is improperly instituted. Therefore, this court rejects plaintiff's argument that the complaint in Civil Action No. 3:95–0471 can be used to amend the May 26th letter to supply the missing allegation of a sum certain and thus effect a proper administrative claim.

5. Because of this ruling, the court need not decide the issues raised by the parties as to whether the Marshal Service received timely notice of the

▮ The November 28, 1995 letter which plaintiff's counsel sent to the Marshal Service and which did contain some information concerning plaintiff's monetary damages, Exhibit to Plaintiff's Response to Defendant's Motion to Dismiss, Ct. Doc. 5, cannot be used to supply the omitted sum certain because it was mailed well beyond the two-year limitation period.[5] *Ahmed*, 30 F.3d at 517; *Wardsworth*, 721 F.2d at 505; *Bogl* at *3; *Cooper v. United States*, 498 F.Supp. 116, 118 (W.D.N.Y.1980). *Contra Apollo v. United States*, 451 F.Supp. 137 (M.D.Pa.1978).

### Estoppel

▮ Plaintiff's second argument for avoiding the time constrictions of the FTCA is that the United States is estopped to assert a statute of limitation defense. He contends that the United States should be estopped because his counsel relied on representations of an employee of the Marshal Service that the filing of the complaint in Civil Action No. 3:95–0471 would toll all statutes of limitations. To support this allegation of misrepresentation, his counsel has submitted his affidavit in which he states:

2. With a statute of limitations date closely approaching the affiant once again contacted the U.S. Marshal Service and was referred to Lonnie D. Brown. A conversation was held between the affiant and Lonnie D. Brown on approximately June 22nd, 1995, concerning the expiration of the applicable statute of limitations concerning plaintiff's claim, and thereupon the affiant and Lonnie D. Brown entered into a stipulation whereby plaintiff would file his Complaint in the United States District Court, but would stipulate that the U.S. Marshal Service had not had it's [sic] six (6) month administrative period for attempting to settle said claim, and that they would not be required to file any responsive pleading in said lawsuit until said 6 month period had elapsed.....

3. That during the conversations with Lonie [sic] D. Brown, the said Lonie [sic] D. Brown represented unto the affiant that he

complaint in Civil Action No. 3:95–0471 or whether an untimely supplement to an administrative claim may "relate back."

was a staff member of the Office of the General Counsel for the United States Marshal Service and the affiant assumed that he was an attorney so authorized to represent the United States Marshal Service. It was not until the receipt of the declaration of Lonie [sic] D. Brown attached as Government's Exhibit "8" dated December 27th, 1996, that the affiant was informed that Lonnie D. Brown was in fact a paralegal specialist and not a staff attorney with the United States Marshal Service.

4. That pursuant to said stipulation reached with whom he believed to be an attorney staff member of the Office of General Counsel of the United States Marshal Service, the affiant filed plaintiff's complaint on June 23rd, 1995, and also filed said stipulation.....

5. The affiant as plaintiff's counsel affirmatively relied upon the stipulation reached with Lonnie D. Brown of the United States Marshal Service as having tolled the applicable statute of limitations for presentment of plaintiff's federal tort claim, and further affirmatively relied upon the representations of Lonnie D. Brown that he had the authority to enter into said stipulation on behalf of the United States Marshal Service.

———/s/———

R. Lee Booten II

Of Counsel for Plaintiff

Affidavit Attached to Plaintiff's Supplemental Response in Opposition to Defendant's Motion to Dismiss, Ct. Doc. 13.

█ The doctrine of equitable tolling of statutes of limitations is applicable to suits against the United States. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95–96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). However, it is to be applied sparingly "in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id.* (footnotes omitted). Factors to consider in deciding whether to employ estoppel "are

(1) lack of actual notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the ... requirement." *Glarner v. United States*, 30 F.3d 697, 702 (6th Cir.1994).

In the case at bar, the plaintiff did not retain counsel until May 22, 1995. Affidavit of Counsel *supra*. The Supreme Court has "generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin*, 498 U.S. at 96, 111 S.Ct. 453.

█ In counsel's affidavit he does state that he was "induced or tricked" into not timely filing a proper administrative claim by "misconduct" of Mr. Brown. *See Irwin, supra*, However, it is evident from the "stipulation" which counsel filed in Civil Action No. 3:95–0471 that he was aware of the limitation period for filing an FTCA claim and of the necessity of filing an administrative claim prior to instituting litigation. Furthermore, there is nothing in either counsel's "stipulation" or affidavit to indicate that Mr. Brown ever told him that the May 25th letter constituted a proper administrative claim. At most the evidence shows that counsel, and perhaps Mr. Brown, although this is disputed, acknowledged that the agency had not had six months to consider plaintiff's administrative claim and that the agency did not have to file an answer to the complaint until such six months had expired. By this they agreed to what was already the law. *McNeil, supra*. That could not be a misrepresentation. Counsel also states in his affidavit that he "affirmatively relied upon the stipulation reached with Lonnie D. Brown ... as having tolled the applicable statute of limitations ...." However, that "stipulation" says nothing about waiver of any statute of limitations. Apparently counsel assumed that such an agreement was reached, just as he assumed that Mr. Brown was an attorney and that he had the authority to waive the statute of limitations. Thus the plaintiff has not shown any material misrepresentation by the United States. Furthermore, he has not

shown that his counsel's reliance on any alleged misrepresentations, if there were any, was reasonable. *See Miller v. United States,* 803 F.Supp. 1120, 1128 (E.D.Va.1992).

As a consequence of the plaintiff's lack of due diligence and of the absence of any evidence indicating government misconduct, this court finds that the United States is not estopped from asserting the defense that the plaintiff did not file a proper administrative claim within two years after his claim accrued.

### Conclusion

The plaintiff did not file a proper administrative claim within the applicable statute of limitations. Therefore, this court does not have subject matter jurisdiction to hear this action. *Ahmed, supra.* The United States' motion to dismiss will be granted.

The court does not believe that this dismissal imposes any undue hardship on the plaintiff since he was represented by counsel and the provisions of the FTCA are "not a 'trap for the unwary.'" *McNeil,* 508 U.S. at 113, 113 S.Ct. 1980. Furthermore, plaintiff could have easily resolved his error when the previous civil action was dismissed by taking advantage of 28 U.S.C.A. § 2679(d)(5).[6] *See Filaski v. United States,* 776 F.Supp. 115, 117 (E.D.N.Y.1991).

It is ORDERED, for the reasons set forth in this memorandum opinion, that the defendant United States of America's motion to dismiss the complaint herein for lack of subject matter jurisdiction be, and the same hereby is, SUSTAINED and GRANTED.

It is further ORDERED that this action be, and the same hereby is, DISMISSED. The Clerk of the court is directed to retire this action from the court's docket.

The Clerk is directed to mail a copy of this Order to all counsel of record.

---

**6.** Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection [§ 2679(d)(1)] is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if ——

(A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and

(B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

28 U.S.C.A. § 2679(d)(5)(emphasis added).