**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RUTH ANN EDWARDS,
Plaintiff-Appellant,

v.                                                                 No. 98-2075

UNITED STATES OF AMERICA,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
J. Calvitt Clarke, Jr., Senior District Judge.
(CA-98-246-2)

Submitted: February 2, 1999

Decided: February 22, 1999

Before WILKINS, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gerald H. Baker, BAKER, GARBER, DUFFY & PEDERSEN,
Hoboken, New Jersey, for Appellant. Helen F. Fahey, United States
Attorney, Lawrence R. Leonard, Assistant United States Attorney,
Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Ruth Ann Edwards filed suit under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680 (1994), alleging medical malpractice committed by medical personnel at the United States Naval Hospital in Portsmouth, Virginia. The district court granted summary judgment to the United States on the ground that the action was barred by FTCA's two-year limitations period. In a subsequent order, the court denied Edwards' motion for reconsideration. Edwards appeals both orders. Because we agree that Edwards' complaint was not timely filed, we affirm the district court's orders.

On February 6, 1990, Edwards, a civilian dependent of enlisted naval personnel, fractured both wrists while working at the United States Naval Base on Guantanamo Bay, Cuba. She received immediate treatment at the clinic in Guantanamo Bay, but continued to experience pain, swelling, and redness. As a result, she was referred to Portsmouth Naval Hospital (PNH) and underwent surgery there on August 29, 1990. At this time, doctors inserted radial styloid pins into her right wrist and placed her arm in a cast. Edwards, however, began to experience several post-surgical problems with her right arm and wrist. Complaining of swelling in her right hand and tightness of the cast, on September 16, 1990, Edwards sought treatment at a civilian hospital in New Jersey. On October 12, 1990, she returned to PNH to have a pin reinserted to its proper position after it rotated in her right wrist. At the end of the same month, she returned for treatment at PNH after one of the pins became loose and caused an infection. While removing her cast, a PNH employee "ripped out" one of the pins in Edwards' wrist.

Because of the recent complications and recurring pain, Edwards was admitted again to PNH for treatment. Edwards checked out of the hospital on November 1, 1990. During her deposition, she stated that she told the nurse that she was "[b]asically, not getting the treatment that [she] should be getting." She further testified that she stopped going to PNH when "they tore out the pin improperly and caused infection." On November 2, 1990, Edwards consulted with Dr. J. Leddy, a civilian physician in New Jersey, who ultimately performed

2

surgery to remove the remaining pins in her right wrist. During November, however, she was still unable to move her right wrist.

On January 31, 1991, Edwards consulted with another civilian physician, Dr. Scott Jaegar, for persistent discomfort in her right wrist. After examination, Dr. Jaegar informed Edwards that her wrist problems were due to the surgery and pins inserted at PNH. In his opinion, PNH personnel negligently inserted one of the pins into her tendons which caused the tendon to fray and ultimately resulted in the loss of movement of the wrist. On January 29, 1993, Edwards filed a Notice of Claim with the Department of the Navy alleging improper treatment from PNH personnel. The Navy denied the claim, and this FTCA suit ensued.

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). On summary judgment, inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Summary judgments are reviewed de novo on appeal. See Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1166-67 (4th Cir. 1988).

The FTCA provides for a limited waiver of the sovereign immunity of the United States. See Honda v. Clark, 386 U.S. 484, 501 (1967). A condition of that waiver, however, is compliance with the FTCA's statute of limitations. See Muth v. United States, 1 F.3d 246, 249 (4th Cir. 1993). Under 28 U.S.C. § 2401(b) (1994), a tort claim against the United States is barred unless presented in writing to the appropriate federal agency within two years after the claim accrues or unless the action is begun within six months after final agency action. The two-year limitations period is jurisdictional and may not be waived. See Ahmed v. United States, 30 F.3d 514, 516 (4th Cir. 1994). The claim accrues within the meaning of § 2401(b) when the plaintiff knows or, in the exercise of due diligence, should have known of both the existence and cause of her injury. See United States v. Kubrick, 444 U.S. 111, 120 (1979); Kerstetter v. United States, 57 F.3d 362, 364 (4th Cir. 1995); Gould v. United States Dep't of Health & Human Servs., 905 F.2d 738, 742 (4th Cir. 1990). Plaintiff need only know "the criti-

3

cal facts that he has been hurt and who has inflicted the injury;" it is not necessary that the plaintiff know the "precise medical reason for the injury" for the cause of action to accrue. Kubrick, 444 U.S. at 122; Kerstetter, 57 F.3d at 364.

We agree with the district court that Edwards knew about her injury and the "critical facts" as to its cause at the latest by November 1990. She underwent surgery at PNH and developed post-surgical complications which did not lessen after repeated medical consultations. When she again received what she herself found to be improper and inadequate treatment at PNH, she checked out. Even though the pins were removed in November 1990, she was still unable to move her right wrist. In light of these facts, we find that Edwards was aware of her injury and that it was caused by the treatment she received at PNH by November 1990.

Edwards argues that she did not know that the injury to her right wrist was caused by negligent insertion of one of the pins by PNH medical personnel until she consulted with Dr. Jaegar in January 1991. We rejected a similar argument in Kerstetter, holding that it is not necessary that the injured party know exactly what went wrong during a medical operation, so long as the individual knows the "critical fact" of "who has inflicted the injury." Kerstetter, 57 F.3d at 365. For the reasons stated above, we conclude that Edwards had knowledge of the injury and the "critical facts" as to who inflicted that injury by November 1990, thereby triggering the two-year statute of limitations. See Kubrick, 444 U.S. at 122. Because Edwards filed her FTCA claim well after the expiration of the two-year period, the district court appropriately granted summary judgment to Defendant, and denied Edwards' motion for reconsideration. Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4