**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-7094**

_____

JAMES A. MARTIN,

        Plaintiff - Appellant,

    v.

UNITED STATES OF AMERICA,

        Defendant - Appellee.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:22-cv-00022-JPB)

_____

Submitted:  July 31, 2023                     Decided:  August 10, 2023

_____

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

James A. Martin, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James A. Martin appeals the district court's orders adopting the recommendation of the magistrate judge and dismissing Martin's action filed under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 (FTCA).  The district court referred this case to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B).  The magistrate judge recommended that Martin's FTCA action be dismissed for failure to exhaust in part because he failed to administratively claim a sum certain in any of his alleged administrative remedies filings.  *See Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994) (noting FTCA claimant must present a claim for money damages in a sum certain to the appropriate agency before filing suit).  The magistrate judge advised Martin that failure to file timely objections could waive appellate review of a district court's order based on the recommendation.  Martin filed objections, but the district court determined that his objections were untimely and nonspecific, adopted the magistrate judge's recommendation, and dismissed Martin's FTCA action.  The record discloses, however, that Martin timely and specifically objected to the magistrate judge's conclusion that he failed to exhaust his administrative remedies.[*]  Further, it is unclear whether the district court reviewed de novo the magistrate judge's report, as required when a party files timely

---

[*] Martin averred that he gave his objections to prison staff on August 15, 2022, within the deadline for filing objections. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (deeming document filed when given to prison officials for mailing); Fed. R. Civ. P. 6(d). Additionally, Martin's assertion that he filed two standard Bureau of Prison tort claim forms, which contain a space for claiming a sum certain, was sufficient to alert the district court that he disputed the magistrate judge's conclusion that he failed to administratively claim a sum certain.

and specific objections. *See United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (noting district court must review de novo those portions of the magistrate judge's report to which timely, specific objections are made). Accordingly, we vacate the district court's final order and remand for consideration of Martin's timely objections. We deny Martin's motions for appointment of a special master and a change of venue. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*
